Case 3:16-cv-03087-MAS-LHG   Document 71   Filed 05/26/17   Page 1 of 2 PageID: 1309



**DLA Piper LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey  07078-2704
www.dlapiper.com

James V. Noblett
james.noblett@dlapiper.com
T  973.520.2571
F  973.520.2576

*Partners Responsible for Short Hills Office:*
*Andrew P. Gilbert*
*Michael E. Helmer*

May 26, 2017
*VIA ECF*

Honorable Michael A. Shipp, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building and U.S. Courthouse
402 East State Street
Trenton, NJ  08608

  **Re:** *In re Valeant Pharmaceuticals International, Inc. Third-Party Payor Litigation*
     Civil Action No. 16-3087(MAS)(LHG)

Dear Judge Shipp:

We represent Defendant Matthew Davenport ("Matthew") in the above-referenced action.

On May 17, 2017, Matthew filed his Reply Brief in Further Support of Defendant Matthew Davenport's Motion to Dismiss the Complaint ("Reply"). (ECF No. 69.)

On May 25, 2017, counsel for Plaintiffs informed counsel for Matthew, by letter, of a citation error on page 9 of the Reply. We inadvertently cited *Efron v. Embassy Suites (Puerto Rico), Inc.*, 223 F.3d 12 as a decision of the United States Court of Appeals for the *Third* Circuit, rather than the United States Court of Appeals for *First* Circuit.

The Reply should read as follows:

> Plaintiffs contend, on the basis of stale and inapposite authority, that their § 1962(d) claim can survive even if the Court dismisses their § 1962(c) claim. (Pltfs. Mem. at 51-52.) In its most recent decision on this issue, however, the Third Circuit squarely rejected Plaintiffs' position, holding that "when pleadings do not state a substantive RICO claim, the RICO conspiracy claim must fail." *Hlista v. Safeguard Props., LLC*, 649 F. App'x 217, 222 (3d Cir. 2016) (citing *Efron v. Embassy Suites (Puerto Rico), Inc.*, 223 F.3d 12, 21 (~~3d~~1st Cir. 2000)).
>
> Moreover, in *Efron*, the ~~Third~~First Circuit distinguished the primary case upon which Plaintiffs rely, *Salinas v. United States*, 522 U.S. 52 (1997), because it does not speak to a pleadings motion:



Honorable Michael A. Shipp, U.S.D.J.
May 26, 2017
Page Two

> A conspiracy claim under section 1962(d) may survive a *factfinder's* conclusion that there is insufficient evidence to prove a RICO violation, but if the pleadings do not state a substantive RICO claim upon which relief may be granted, then the conspiracy claim also fails.

*Efron*, 223 F.3d at 21 (emphasis in original).

(Reply at 9.)

Pursuant to our conversation with your law clerk, we are writing to obtain instruction from the Court as to whether Matthew should submit a corrected Reply reflecting the foregoing modifications to the originally-filed brief.

Respectfully,

s/ James V. Noblett
James V. Noblett


cc:     All Counsel of Record via ECF