UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL BUILDING & U.S.
COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-200

**NOT FOR PUBLICATION**

**LETTER OPINION & ORDER**

**VIA CM/ECF**
All counsel of record

Re: *In re Valeant Pharmaceuticals International, Inc., Securities Litigation*, No. 15-7658;
*In re Valeant Pharmaceuticals International, Inc., Third-Party Payor Litigation*, No. 16-3087

Dear Counsel:

This matter comes before the Court upon two motions: (1) in the action with Docket No. 15-7658 (the "Securities Class Action"), Class Plaintiffs' Motion to Compel (ECF No. 386)[1] and (ii) in the action with Docket No. 16-3087 (the "TPP Litigation"), Andrew Davenport and Philidor RX Services, LLC's ("Philidor RX") Motion to Continue Stay (TPP Litigation, ECF No. 91). In the Securities Class Action, Philidor RX and Philidor Entities[2] (collectively, "Philidor") opposed (ECF No. 391), and Class Plaintiffs sought leave to file a reply (ECF No. 394).[3] In the TPP Litigation, Plaintiffs opposed (TPP Litigation, ECF No. 93), and Andrew Davenport and Philidor RX replied (TPP Litigation, ECF No. 95). The Court decides the instant motions together because of the common parties, overlapping issues, and similar arguments. The Court has carefully considered the parties' submissions[4] and decides the motions without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Class Plaintiffs' Motion to Compel is granted and Andrew Davenport and Philidor RX's Motion to Continue Stay is denied.

**I.     BACKGROUND**

The parties are familiar with the factual background of these matters. The Court, accordingly, recounts the procedural history only to the extent necessary to decide the instant motions.

**A.     The Securities Class Action**

Class Plaintiffs seek documents and electronically stored information from Philidor. (*See* Exs. 2-35, ECF Nos. 386-4 to -37.) Class Plaintiffs state that on December 3, 2015, they issued subpoenas to Philidor, and issued subpoenas to the Philidor Entities sometime between June and

---

[1] Unless otherwise indicated, all citations to the record herein are to the Securities Class Action.

[2] The Philidor Entities include those entities listed on page 1 of Philidor's Opposition Brief. (*See* Philidor's Opp'n Br. 1 n.1, ECF No. 391.)

[3] Class Plaintiffs' request for leave to file their reply memorandum is hereby granted.

[4] The Court also considered Valeant Pharmaceuticals International, Inc. ("Valeant") correspondence. (ECF No. 400.)

1

August 2017. (Pls.' Moving Br. 4, ECF No. 386-1.) Class Plaintiffs state that on December 14, 2015, Philidor served objections and responses and indicated that it would produce documents responsive to certain of Class Plaintiffs' requests. (*Id.* at 5.) On July 11, 2016, the Honorable Lois H. Goodman, U.S.M.J., vacated a previous order granting Class Plaintiffs expedited discovery and she granted a stay of the enforcement of the subpoenas issued to Philidor. (Order, ECF No. 143.)

On October 19, 2017, the Court issued an order to show cause why certain proceedings, now consolidated into the Securities Class Action, should not be stayed. (*See* Order to Show Cause, ECF No. 273.) On November 29, 2017, pursuant to the parties' stipulation, the Court stayed all proceedings and discovery, except for certain exceptions, until the conclusion of the criminal trial in *United States v. Tanner, et al.*, No. 17-61 (S.D.N.Y.) (the "Tanner Matter"). (Order, ECF No. 291.)

On May 30, 2018, the parties advised the Court that guilty verdicts had been entered in the Tanner Matter and requested that the November 29, 2017 stay be lifted as of June 5, 2018. (Correspondence, ECF No. 315.) On June 5, 2018, the Court lifted the discovery stay in the Securities Class Action. (Order, ECF No. 316.) On June 5, 2018, in the TPP Litigation, the parties submitted joint correspondence indicating that they disputed whether the Court's August 9, 2017 stay of all proceedings should be continued in light of a pending appeal in the Tanner Matter. (TPP Litigation, Correspondence, ECF No. 82.) On June 6, 2018, Philidor advised Class Plaintiffs' counsel that it would rely on correspondence in the TPP Litigation and would not produce any documents in response to the subpoenas. (Class Pls.' Moving Br. 7, ECF No. 386-1.)

On October 26, 2018, Class Plaintiffs filed the instant Motion to Compel Philidor to comply with the subpoenas. (Mot. to Compel, ECF No. 386.) On November 5, 2018, Philidor opposed Class Plaintiffs' Motion to Compel. (Philidor's Opp'n Br., ECF No. 391.) On November 12, 2018, Class Plaintiffs sought leave to file a reply brief attaching the same to their correspondence. (ECF No. 394.) On November 16, 2018, Valeant filed correspondence taking no position with respect to Class Plaintiffs' motion to compel. (Correspondence, ECF No. 400.) In the same correspondence, Valeant disputed Class Plaintiffs' suggestion that it controls or has access to Philidor's documents. (*Id.*) Specifically, Valeant asserts that "[a]lthough it received approximately 800 documents in late 2015 and early 2016, Valeant does not control or otherwise have access to Philidor's documents." (*Id.*)

### B. The TPP Litigation

In the TPP Litigation, on August 9, 2017, the Court granted Matthew Davenport, Andrew Davenport, and Philidor RX's Motions to Stay. (TPP Litigation, Order, ECF No. 74.) On September 28, 2018, Judge Goodman ordered the parties to file any motion seeking to continue the stay. (TPP Litigation, Order, ECF No. 90.) On October 12, 2018, Andrew Davenport and Philidor RX ("Moving Defendants") filed the instant Motion to Continue Stay. (TPP Litigation, Mot. to Continue Stay, ECF No. 91.) All Plaintiffs opposed (TPP Litigation, Pls.' Opp'n Br., ECF No. 93), and Moving Defendants replied (TPP Litigation, Defs.' Reply Br. ECF No. 95).

## II. THE PARTIES' POSITIONS

Class Plaintiffs argue that Philidor has inappropriately shifted Philidor's burden to move to quash or modify the subpoenas and forced Class Plaintiffs to file the instant motion to compel.

2

(Class Pls.' Moving Br. 10.) Thus, Class Plaintiffs frame the issue as whether a continued stay of discovery is appropriate and insist that applying the factors set forth in *Walsh Securities, Inc. v. Cristo Property Management*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998), a stay is not warranted. (*Id.*) Specifically, Plaintiffs argue that: (1) Philidor has failed to meet its burden of justifying a further stay; (2) Courts routinely reject indefinite stays pending the resolution of criminal appeals; (3) the lengthy nature of a stay pending resolution of any appeal in the Tanner Matter and consequent delay in necessary discovery is prejudicial; (4) the responsive documents are not protected by the Fifth Amendment; and (5) no testimony is being sought from Philidor. (*See id.* 9-20.)

Philidor opposes Class Plaintiffs' motion, arguing that a stay of discovery should continue in the TPP Litigation and compelling Philidor to respond to Class Plaintiffs' subpoenas "would create the same risk of prejudice to Andrew Davenport and Philidor that allowing discovery to proceed in the TPP Litigation would create." (Philidor's Opp'n Br. 1-2.) Philidor rejects Class Plaintiffs' burden shifting argument and insists that a motion to quash the subpoenas was not necessary given the parties' failure to address the subpoenas in their request to the Court to lift the discovery stay. (*Id.* at 6.) Philidor next argues that the continued stay of discovery is warranted until after the Tanner Matter is completely resolved, including any criminal appeals, because courts in this district have held that a stay of civil proceedings pending the appeal of a guilty verdict is an appropriate safeguard of a criminal defendant's Fifth Amendment rights. (*Id.* at 8-9 (citing *Seeman v. Locane*, No. 10-6597, 2015 WL 5822806, at *1 (D.N.J. Oct. 1, 2015); *Edwards v. Serrecchia*, 15-3569, slip op. at 1 (D.N.J. Aug. 18, 2016)).) Philidor further argues that the remaining *Walsh* factors favor continuing the stay. (*Id.* at 9-11.)

Philidor also argues that pursuant to Federal Rule of Civil Procedure 45,[5] the Court should stay the subpoenas because compliance would place an undue burden on Philidor. (*Id.* at 12.) In support of its undue burden argument, Philidor first contends that Class Plaintiffs have no need for immediate production by Philidor because Class Plaintiffs "have alleged they can obtain similar documentation from Valeant[,]" and if Class Plaintiffs' allegations are true, Class Plaintiffs "can simply issue a discovery request under [Rule 34] to Valeant." (*Id.* at 13-14.) Next, Philidor argues that the nature of the litigation and the delays in discovery result in the conclusion that "there is no compelling reason to compel immediate production by Philidor." (*Id.*) Finally, Philidor argues that "requiring Philidor to respond to the subpoenas now would impose a significant risk to Philidor and Andrew Davenport." (*Id.* at 15.)

In the TPP Litigation, Philidor repeats the same arguments regarding the satisfaction of the *Walsh* factors in support of its Motion to Continue Stay. (*See* TPP Litigation, Defs.' Moving Br., ECF No. 91-1.) TPP Plaintiffs aver that a stay of discovery in its entirety is overbroad and request that the Court deny Philidor's motion or limit the stay to only non-documentary evidence from Andrew Davenport. (TPP Litigation, Pls.' Opp'n Br. 2, ECF No. 93.) TPP Plaintiffs cite *J.C. Penney Life Insurance Company v. Houghton*, No. 86-2637, 1986 WL 14732 (E.D. Pa. Dec. 24, 1986), in which the Court denied a stay of discovery sought by defendants who were appealing their criminal convictions stemming from issues overlapping those in a civil action. In *Houghton*, the court entered a protective order limited to "testimonial discovery concerning matters for which the defendants faced the possibility of additional criminal charges." (*Id.* at 6.) TPP Plaintiffs also

---

[5] All references herein to a Rule is a reference to a Federal Rule of Civil Procedure.

3

note that the tailored discovery approach adopted in *Locane* is similar, if not a mirror of, the approach proposed by TPP Plaintiffs. (*Id.*) Moreover, TPP Plaintiffs aver that in *Locane*, the Honorable Anne E. Thompson, U.S.D.J., "expressly noted that permitting all other discovery to proceed avoided undue prejudice to plaintiffs." (*Id.*)

Turning to the *Walsh* factors, TPP Plaintiffs argue that: (1) because the theories of liability in the criminal matter and civil matter are fundamentally different, overlap between the two cases is insignificant, and Davenport is the only overlapping defendant; (2) the delay of litigation is not prejudicial to Philidor, but will be prejudicial to Plaintiffs because it will delay their opportunity for their case to be heard; (3) delay weighs against the Court's interest in keeping litigation moving to conclusion without unnecessary delay; and (4) delay weighs against the public interest because "Congress designed RICO to *encourage* private civil litigation to supplement criminal prosecution." (*Id.* at 8-12.) TPP Plaintiffs also argue that corporations, like Philidor, do not have a Fifth Amendment right against self-incrimination. (*Id.* at 9 (citing *De'Omilia Plastic Surgery, PC v. Sweeton*, No. 12-6415, 2013 WL 6070037, at *6 (D.N.J. Nov. 18, 2013)).)

## III. DISCUSSION

Class Plaintiffs' argument that Philidor inappropriately failed to respond to facially valid subpoenas after the Court's June 5, 2018 Order lifting the discovery stay in the Securities Class Action has merit. Indeed, Rule 45(d) provides a comprehensive scheme for objecting to, modifying, or quashing a subpoena. Philidor did not seek to avail itself of Rule 45's protection despite receiving correspondence from Class Plaintiffs in July 2018 indicating that, in Class Plaintiffs' view, the subpoenas were valid and Philidor was obligated to respond. (*See* Ex. 37, ECF No. 386-39.) On the other hand, Philidor is correct that the stay in the TPP Litigation was not lifted and, potentially, the reasons supporting the continuance of a stay in the TPP Litigation provided a basis for Philidor's non-compliance with the subpoenas.

The instant disputes primarily turn on whether a continued stay in discovery as to Philidor and Davenport is warranted. The Court, accordingly, first addresses whether a continuance of the stay is warranted and then turns to whether Philidor can establish an undue burden pursuant to Rule 45.

### A. A Complete Stay of Discovery in Both Matters is Not Warranted

A stay is not constitutionally required when a civil action overlaps with a pending criminal proceeding, but "may be warranted in certain circumstances." *Walsh*, 7 F. Supp. 2d at 526. "[A] stay of a civil proceeding is an extraordinary remedy and is not favored." *Forrest v. Corzine*, 757 F. Supp. 2d 473, 476 (D.N.J. 2010) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "However, a court has the discretion to stay a case if the interests of justice so require." *Id.* (citing *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)).

The factors to be considered in deciding whether to grant a stay include: (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendants have been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; (4) the private interests of and burden on defendants; (5) the interests of the court; and (6) the public interest.

4

*Walsh*, 7 F. Supp. 2d at 526-27.

### 1. *Overlap of the Criminal Case and the Civil Cases*

The Court previously addressed the overlap between the Tanner Matter and the TPP Litigation when granting a stay in the TPP Litigation and adopts the same reasoning here, in both matters. *See In re Valeant Pharm. Int'l, Inc.*, No. 16-3087, 2017 WL 3429342, at *2 (D.N.J. Aug. 9, 2017). Notably, in the Tanner Matter, the Government alleged a conspiracy perpetrated by the defendants in which both defendants personally profited from business arrangements and dealings between Valeant and Philidor. Claims arising from the relationship between Valeant and Philidor (*i.e.*, Valeant's alleged use of Philidor as a clandestine network of pharmacies) form the core of the Class Action. Class Plaintiffs concede this when they argue "Philidor is a critical non-party to this case." (Class Pls.' Moving Br. 3.) Finally, the TPP Plaintiffs' August 17, 2018 correspondence detailing their efforts to secure the exhibits in the Tanner Matter further support the Court's conclusion that there is significant overlap between the Tanner Matter and the TPP Litigation. (Correspondence, ECF No. 89.)

### 2. *The Status of the Criminal Case*

On May 22, 2018, a jury convicted Gary Tanner and Andrew Davenport of conspiracy to commit honest services wire fraud, honest services wire fraud, conspiracy to violate the Travel Act, and conspiracy to commit money laundering. *United States v. Tanner*, No. 17-61, (S.D.N.Y.), May 22, 2018 Docket Entry. Andrew Davenport and Gary Tanner filed notices of appeal on November 31, 2018, and February 8, 2019, respectively. *United States v. Tanner*, No. 17-61, (S.D.N.Y.), ECF Nos. 238, 239.

The parties do not cite, and the Court could not independently identify, a single opinion in a federal civil case continuing a stay on *all* discovery because of a pending appeal of a criminal conviction. Instead, "courts evaluating a case after a defendant has been convicted have typically given less weight to the burden to a defendant of proceeding with a civil case than they would before the trial, *even when the defendant may assert a Fifth Amendment privilege during the civil proceeding*." *Jenkins v. Miller*, No. 12-184, 2017 WL 1052582, at *4 (D. Vt. Mar. 20, 2017) (emphasis added). This is because the appeal process is an uncertain, potentially long-ranging, process, and only unusual circumstances would justify an order staying a post-conviction civil proceeding. *SEC v. Braslau*, No. 14-1290, 2015 WL 9591482, at *2 (C.D. Cal. Dec. 29, 2015) (citation omitted). Additionally, courts generally do not grant a stay in an overlapping civil case while the related criminal case is on appeal because "there is only a mere possibility that a successful appeal might lead to a new trial that could require invocation of a defendant's Fifth Amendment rights." *Chartis Prop. Cas. Co. v. Huguely*, No. 13-1479, 2013 WL 5634266, at *3 (D. Md. Oct. 15, 2013).

Philidor cites *Locane* for the proposition that "a stay of civil proceedings pending the appeal of a guilty verdict is appropriate." (Defs.' Moving Br. 5.) *Locane*, however, stands for a much more limited proposition, namely that while an appeal of a criminal conviction is pending, limited discovery may proceed so long as it does not interfere with the criminal defendant's Fifth Amendment rights. *See Locane*, 2015 WL 5822806, at *1 (denying the plaintiff's objection to an order staying discovery as to the criminal defendant and ordering the parties to continue with limited discovery that would not interfere with the criminal defendant's Fifth Amendment rights).

Here, the Court finds that the status of the criminal case provides limited weight in support of continuing the stay of all discovery in the TPP Litigation and even less weight in support of a stay as to Philidor's compliance with the subpoenas. Philidor has not provided the Court with persuasive precedent supporting the broad stay Defendants request, and the case law Philidor cites advises that a limited stay of discovery, as the TPP Plaintiffs suggest, is more appropriate.

### 3. *The Parties' Competing Interests*

In the Securities Class Action, Class Plaintiffs aver that an indefinite stay pending the resolution of the criminal appeals in the Tanner Matter will be "extremely prejudicial." (Pls.' Moving Br. 14.) Class Plaintiffs aver that the document discovery they seek from Philidor is a necessary element of the overall discovery they seek from the parties, especially in preparation for depositions. (*Id.* at 12.) Class Plaintiffs insist that Defendants will object to multiple depositions if Class Plaintiffs are forced to conduct depositions without the benefit of Philidor's documents and the documents become available after the first deposition. (*Id.*) Class Plaintiffs also point to Andrew Davenport's representations in the Tanner Matter about his "life threatening medical problems" as evidence of prejudice if discovery is delayed. (*Id.* at 15.) Finally, Class Plaintiffs identify a "tactical advantage" Valeant has enjoyed by having access to Philidor's documents for three years, while Class Plaintiffs have not had access to the documents. (*Id.* at 17.)

The Court agrees with Class Plaintiffs that an indefinite stay pending the resolution of the criminal appeal in the Tanner Matter may be prejudicial; however, the prejudice is not "extreme." Given Class Plaintiffs' allegations regarding the role Philidor played in the scheme Class Plaintiffs allege, documents from Philidor are a critical element of the overall discovery Class Plaintiffs seek. Given the Court's impending resolution of the Defendants' most recent motions to dismiss, the matter is poised to move forward with discovery among the parties after many months of delay and stays. Further delay, especially an indefinite stay, will only further allow deposition witnesses' memories to fade. Class Plaintiffs' argument regarding Andrew Davenport's health, nevertheless, misses the mark because the argument fails to account for (i) the potential prejudice he may face if forced to choose between providing testimony and asserting his Fifth Amendment rights, and (ii) the Court's ability to fashion a remedy to protect the same. Finally, Class Plaintiffs' allegations regarding Valeant's tactical advantage are undercut by Valeant's representations that Philidor has only provided approximately 800 documents to Valeant.

Philidor responds to Class Plaintiffs' prejudice arguments by asserting that failing to comply with the subpoenas will cause "minimal" prejudice to Class Plaintiffs, while compliance with the subpoenas will impose significant burdens on Philidor. (Philidor Opp'n Br. 9-10.) Philidor argues that Class Plaintiffs can conduct discovery with parties in the case and the discovery Class Plaintiffs seek is available from Valeant, if Class Plaintiffs' allegations are true. (*Id.*) Philidor argues that the burden it faces is a result of the Fifth Amendment "not forbid[ing] adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them: the Amendment does not preclude the inference where the privilege is claimed by a party to a civil case." (*Id.* (quoting *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)).) Philidor argues that despite Andrew Davenport not being named in the subpoenas, compliance with the subpoenas:

> will impact his ability to defend himself in continued civil and criminal proceedings. Andrew Davenport should not be compelled to choose between

6

waiving his Fifth Amendment rights and defending himself in the civil lawsuit or asserting the privilege and risking an adverse inference in the civil case. Even if no adverse inferences arise from Andrew Davenport's assertion of his Fifth Amendment rights, he risks the possibility that non-disclosure of information in the civil case will jeopardize his ability to defend himself on appeal.

(*Id.* at 10-11.)

Philidor's argument is unpersuasive. First, Andrew Davenport's Fifth Amendment rights are not at issue because the Class Plaintiffs only seek documentary discovery from the Philidor Entities, not testimony or documents directly from Andrew Davenport. *See Fisher v. United States*, 425 U.S. 391, 402 (1976) (holding that the "compelled production of documents from a [third party] does not implicate whatever Fifth Amendment privilege the [criminal defendant] might have enjoyed from being compelled to produce them himself.") Second, entities, like Philidor, do not enjoy the Fifth Amendment privilege against self-incrimination. *In re Grand Jury Empaneled on May 9, 2014*, 786 F.3d 255, 258 (3d Cir. 2015). Philidor's arguments regarding an adverse inference are simply misplaced because Class Plaintiffs are not seeking testimony, at this time. Moreover, should Class Plaintiffs seek testimony from Andrew Davenport, Gary Tanner, or other former Philidor employees, the Federal Rules of Civil Procedure provide various tools to protect the deponent's Fifth Amendment rights, if those rights are actually at issue. Finally, Philidor's argument that Class Plaintiffs can simply get the documents from Valeant ignores Philidor's independent obligation to comply with a valid subpoena. Ultimately, the Court finds that the Class Plaintiffs have a significant interest in discovery proceeding and Philidor's burden arguments fail to establish that Philidor has little more than a minimal interest in the continuance of a stay of discovery in the Securities Class Action.

In the TPP Litigation, in support of their Motion to Continue Stay, Philidor and Andrew Davenport advance similar arguments as they advanced in the Securities Class Action. (*See generally*, TPP Litigation, Defs.' Moving Br.) In response, TPP Plaintiffs argue, essentially, that given their desire to file amended complaints, the subsequent motion practice, and the fact that discovery would only proceed after the Court decides any pending dispositive motions, "[n]o interest is harmed by allowing the Court to rule on the adequacy of the pleadings." (TPP Litigation, Pls.' Opp'n Br. 9.) Specifically, TPP Plaintiffs aver that Defendants already filed motions to dismiss and those motions did not implicate Andrew Davenport's Fifth Amendment rights, so there is no reason why amendment of the complaint and motion practice should be delayed or stayed. (*Id.* at 10.) TPP Plaintiffs also argue that further delay in the matter will cause "substantial prejudice to [TPP] Plaintiffs." (*Id.*) In reply, Philidor and Andrew Davenport argue that TPP Plaintiffs' desire to amend their complaint using materials from the Tanner Matter are the "exact type of prejudicial mixing between criminal and civil matters that a stay of civil proceedings is intended to prevent." (TPP Litigation, Defs.' Reply Br. 4.)

In the TPP Litigation, the parties' diverging interests are more evenly balanced. TPP Plaintiffs' interests in moving the litigation forward by filing an amended complaint are offset by Andrew Davenport's interests in preventing prejudice in either the TPP Litigation or the Tanner Matter. Davenport's interests, however, are diminished because he and his co-defendant have submitted their appellate briefs. Simply put, Andrew Davenport's claims of potential prejudice are attenuated because they rely, in large part, on the outcome of his criminal appeal and the

7

possibility of the Second Circuit Court of Appeals vacating his conviction and ordering a new trial. In sum, given the parties' previous filing of motions to dismiss and the current status of the criminal appeals in the Tanner Matter, the Court finds that the TPP Plaintiffs' interests in lifting the stay in the matter outweigh the defendants' interests in continuing the stay.

### 4. *The Interests of the Court and the Public's Interests*

The Court has the "power . . . to balance 'competing interests' and decide that judicial economy would best be served by a stay of civil proceedings." *United States v. Mellon Bank, N.A.*, 545 F.2d 869, 872-73 (3d Cir. 1976). At the same time, "[t]he Court also has an interest in judicial efficiency in terms of managing its caseload." *Walsh*, 7 F. Supp. 2d at 528. Additionally, "[a]s in all cases, the [p]laintiff[s], the Court, and the public have an interest in the expeditious resolution of its case." *U.S. Commodity Futures Trading Comm'n v. Lamarco*, No. 17-4087, 2018 WL 2103208, at *5 (E.D.N.Y. May 7, 2018).

The earliest complaint in the Securities Class Action was filed on October 22, 2015, well over three years ago, and the First Amended Consolidated Complaint was filed on September 20, 2018. At this juncture, it is in the interest of the Court and the public to allow discovery in the Securities Class Action to move forward as expeditiously as possible given the previous lengthy delays and stays.

In the TPP Litigation, the earliest complaint was filed on May 27, 2016 and the entire matter has been stayed since August 9, 2017. The interests of the public and the Court are no longer served by a complete stay of the entire matter, especially in light of the Court's ability to fashion relief to protect Andrew Davenport's Fifth Amendment rights, and the TPP Plaintiffs' willingness to accept a more limited stay.

In sum, the Court finds the *Walsh* factors indicate that (1) a complete stay in the TPP Litigation is no longer appropriate and (2) in the Securities Class Action, a discovery stay as to Philidor is not justified.

### B. **Philidor Cannot Establish an Undue Burden**

Rule 45 requires a district court to "quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The party moving to quash or modify a subpoena, however, bears the burden of demonstrating that compliance with the subpoena would impose an undue burden. *See Nye v. Ingersoll Rand Co.*, No. 08-3481, 2011 WL 253957, at *6 (D.N.J. Jan. 25, 2011).

In determining whether a subpoena is 'unreasonable and oppressive' the court should consider '(1) the party's need for the production; (2) the nature and importance of the litigation; (3) relevance; (4) the breadth of the request for the production; (5) the time period covered by the request; (6) the particularity with

*Id.* (quoting *OMS Investments, Inc. v. Lebanon Seaboard Corp.*, No. 08-2681, 2008 WL 4952445, at *3 (D.N.J. Nov. 18, 2008)).

Philidor's Opposition to Class Plaintiffs' motion addresses the first and last factors. Philidor's arguments, however, fail to establish an undue burden. Philidor's arguments that Class Plaintiffs have no need for immediate production of the materials and Class Plaintiffs can simply obtain similar documents from Valeant are unpersuasive. First, given Class Plaintiffs' allegations and the role Philidor plays in those allegations, documents from Philidor form an essential part of Class Plaintiffs' discovery and the failure to produce the documents may hinder Class Plaintiffs' discovery efforts as they prepare to depose a number of individuals. Second, conspicuously absent from Philidor's and Valeant's representations regarding the documents is that Valeant has a complete set of documents that Philidor would be required to produce when responding to the Class Plaintiffs' subpoena. Given the relatively small number of documents that Valeant represents it received from Philidor, the Court is unpersuaded by the suggestion that Valeant's production of those documents would satisfy Class Plaintiffs' subpoena to Philidor. Finally, risk to Andrew Davenport does little to persuade the Court that compliance with the subpoenas would impose an undue burden on Philidor.

## IV.  CONCLUSION

For the reasons set forth above, Class Plaintiffs' Motion to Compel is granted. Andrew Davenport and Philidor's Motion to Continue Stay is denied. The Court recognizes the potential risk of prejudice to Andrew Davenport and Gary Tanner providing testimony while their appeals are pending. The parties, accordingly, must seek leave before noticing or issuing a subpoena for testimony from Andrew Davenport or Gary Tanner. An appropriate order follows below.

## V.  ORDER

Based on the foregoing, and for other good cause shown,

IT IS on this 12th day of April, 2019 **ORDERED** that:

1. Class Plaintiffs' Motion to Compel (Docket No: 15-7658, ECF No. 386) is **GRANTED**.

2. Andrew Davenport and Philidor RX Services, LLC's Motion to Continue Stay (Docket No. 16-3087, ECF No. 91) is **DENIED**.

3. No party shall notice or issue a subpoena for the deposition of Gary Tanner or Andrew Davenport without seeking and receiving leave.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE