**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

IN RE VALEANT PHARMACEUTICALS
INTERNATIONAL, INC. THIRD-PARTY
PAYOR LITIGATION

Civil Action No. 16-3087-(MAS)(LHG)

---

**[ORDER PRELIMINARILY APPROVING SETTLEMENT**
**AND PROVIDING FOR NOTICE**

WHEREAS, a consolidated class action is pending in this Court entitled *In re Valeant Pharmaceuticals International, Inc. Third-Party Payor Litigation*, Civil Action No. 16-3087-(MAS)(LHG) (the "Action");

WHEREAS, (a) plaintiffs AirConditioning and Refrigeration Industry Health and Welfare Trust Fund, Fire and Police Health Care Fund, San Antonio, Plumbers Local Union No. 1 Welfare Fund, New York Hotel Trades Council & Hotel Association of New York City, Inc. Health Benefits Fund, and the Detectives Endowment Association of New York City (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendant Valeant Pharmaceuticals International, Inc. (now known as Bausch Health Companies Inc.) ("Valeant") have determined to settle all claims asserted against Valeant in the Action on the terms and conditions set forth in the Stipulation and Agreement of Settlement with Valeant Pharmaceuticals International, Inc. dated August 4, 2021 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Proposed Class Certification for Settlement Purposes** – The Settling Parties have proposed the certification of the following Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement:  all health insurance companies, health maintenance organizations, self-funded health and welfare benefit plans, other Third-Party Payors, and any other health benefit provider in the United States of America or its territories, that paid or incurred costs for Valeant's branded drug products in connection with a claim submitted by Philidor, a claim submitted by any pharmacy in which Philidor had a direct or indirect ownership interest, or a claim by any pharmacy for which the amount sought for reimbursement was alleged to be inflated as a result of Defendants' allegedly fraudulent scheme, during the Class Period, and allegedly suffered damages thereby.  Excluded from the Settlement Class are Pharmacy Benefit Managers, Defendants, Defendants' successors and assigns, and any entity in which any Defendant has or had a controlling interest.  Also excluded

from the Settlement Class are any persons or entities who submit a request for exclusion from the Settlement Class that is approved by the Court.

2.      **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify Plaintiffs as Class Representatives for the Settlement Class and appoint Bernstein Litowitz Berger & Grossmann LLP and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.       **Settlement Hearing** – A settlement hearing (the "Settlement Hearing") will be held before this Court on _December 2_ , 2021 at _10_ : _00_ a.m. Eastern time, either in person in Courtroom 1 of the Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, or by telephone or videoconference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice as against Valeant and extinguishing and releasing the Released Claims; (c) to determine whether the Settlement Class should be certified for purposes of the Settlement; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Class Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) to consider and rule on any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.       The Court may adjourn the Settlement Hearing and modify any other dates set forth herein without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may decide to hold the Settlement Hearing by telephone or videoconference without further notice to the Settlement Class. Any Settlement Class Member (or his, her, or its counsel) who wishes to appear at the Settlement

4

Hearing should consult the Court's docket and/or the settlement website for any change in date, time, or format of the hearing.

       7.     **Retention of Claims Administrator and Manner of Giving Notice** – Class Counsel are hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Class Counsel as follows:

       (a)     not later than fifteen (15) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail or emailed to all potential Settlement Class Members who may be identified through reasonable effort, including (i) through records obtained by Plaintiffs in the Action; and (ii) entities included in the Claims Administrator's proprietary database of known Third-Party Payor entities;

       (b)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

       (c)     in addition, the Claims Administrator shall engage in further internet notice efforts as summarized in the Declaration of Linda V. Young regarding proposed Notice Plan attached hereto as Exhibit 4;

(d)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be transmitted once over the *PR Newswire*; and

(e)    not later than seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Valeant's Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Class Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.      **CAFA Notice** – As provided in the Stipulation, Valeant shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court.  Valeant is solely responsible for the costs of the CAFA notice and administering the CAFA notice.  No later than seven (7) calendar days before the Settlement Hearing, Valeant shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

10.     **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked or received no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Class Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11.     Each Claim Form submitted must satisfy the following conditions:  (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation as set forth in the Claim Form and Plan of Allocation; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Class Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no

7

material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Settling Defendant's Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, themselves, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Valeant Pharmaceutical Third-Party Payor Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Valeant Pharmaceuticals*

*International, Inc. Third-Party Payor Litigation*, Civil Action No. 16-3087-(MAS)(LHG) (D.N.J.)"; (iii) state the total dollar amount that the person or entity requesting exclusion paid or incurred to purchase or reimburse purchases of Valeant-branded drugs purchased from or fulfilled by Philidor or a Philidor Network Pharmacy during the Class Period; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.     Any person or entity that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15.     Any Settlement Class Member that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order:  (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Settling Defendant's Releasees, as more fully described in the Stipulation and Notice.

16.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or that does not request exclusion from the Settlement Class may enter an appearance

in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Class Counsel and Valeant's Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

17.    Any Settlement Class Member who or that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, they, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Class Counsel and Valeant's Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Class Counsel** | **Valeant's Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP | Simpson Thacher & Bartlett LLP |
| James A. Harrod, Esq. | Craig S. Waldman, Esq. |
| 1251 Avenue of the Americas | 425 Lexington Avenue |
| New York, NY 10020 | New York, NY 10017 |

10

> Carella, Byrne, Cecchi,
> Olstein, Brody & Agnello, P.C.
> James E. Cecchi, Esq.
> 5 Becker Farm Road
> Roseland, NJ 07068

Settlement Class Members that wish to object must also email the objection and any supporting papers, no later than twenty-one (21) calendar days prior to the Settlement Hearing, to settlements@blbglaw.com, JCecchi@carellabyrne.com, and cwaldman@stblaw.com.

18.     Any objections, filings, and other submissions by the objecting Settlement Class Member must:  (a) identify the case name and docket number, *In re Valeant Pharmaceuticals International, Inc. Third-Party Payor Litigation*, Civil Action No. 16-3087-(MAS)(LHG) (D.N.J.); (b) state the name, address, and telephone number of the person or entity objecting, and if represented by counsel, the name, address, and telephone number of such counsel, and must be signed by the objector or an authorized representative; (c) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (d) state the total dollar amount the objecting Settlement Class Member paid or incurred to purchase or reimburse purchases of Valeant-branded drugs purchased from or fulfilled by Philidor or a Philidor Network Pharmacy during the Class Period; and (e) must include documents sufficient to prove membership in the Settlement Class, such as documents showing that the objector is a Third-Party Payor that paid or incurred costs for Valeant-branded drugs during the Class Period.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any

witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.     Any Settlement Class Member that does not make his, her, or its objection in the manner provided herein may be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs and all other members of the Settlement Class from commencing, instituting, reinstituting, or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Settling Defendant's Releasees in any forum.

21.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22.     **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be in *custodia*

12

*legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.    **Taxes** – Class Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, then (a) this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Valeant, and (b) the Settling Parties shall revert to their respective positions in the Action immediately before the execution of the Valeant Term Sheet on July 13, 2021 and shall promptly confer on a new scheduling stipulation to govern further proceedings in the Action, as provided in the Stipulation.

25.    **Use of this Order** – Neither this Order, nor the Valeant Term Sheet, nor the Stipulation (whether or not consummated and whether or not approved by the Court), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor the negotiations leading to the execution of the Valeant Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Valeant Term Sheet, the Stipulation, or the approval of the Settlement (including any arguments proffered in connection therewith) shall be:

(a)      offered against any of the Settling Defendant's Releasees as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of the Settling Defendant's Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Defendant's Releasees or in any way referred to for any other reason as against any of the Settling Defendant's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)      offered against any of the Plaintiffs' Releasees, as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Settling Defendant's Releasees had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or of any liability, negligence, fault, or other wrongdoing of any kind of any of Plaintiffs' Releasees, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)      construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if the Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or to otherwise enforce the terms of the Settlement.

26.   **Supporting Papers** – Class Counsel shall file and serve their opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

SO ORDERED this __17th__ day of __August__, 2021.

_____
The Honorable M. Dennis Cavanaugh
United States District Judge (Ret.)

# Exhibit 1

United States District Court for the District of New Jersey

**If you are a Third-Party Payor and made payments or reimbursements for Valeant-branded drugs fulfilled through Philidor from January 2, 2013 through November 9, 2015, you may be eligible for a payment from a class action settlement.**

*This Notice is being provided by Order of the U.S. District Court for the District of New Jersey. It is not a solicitation from a lawyer. You are not being sued.*

- Two proposed settlements have been proposed in a class action lawsuit brought on behalf of Third-Party Payors ("TPPs") who paid or incurred costs for Valeant-branded drugs from January 2, 2013 through November 9, 2015 (the "Class Period") that were purchased from Philidor Rx Services, LLC ("Philidor") or any pharmacy in which Philidor had a direct or indirect ownership interest.

- The lawsuit, *In re Valeant Pharmaceuticals International, Inc. Third-Party Payor Litigation*, Civil Action No. 16-3087-(MAS)(LHG), is pending in the United States District Court for the District of New Jersey (the "Court").

- The lawsuit claims that Valeant Pharmaceuticals International, Inc. ("Valeant"), Philidor, and the other Defendants (see page 3) violated the Racketeer Influenced and Corrupt Organizations ("RICO") Act by causing Third-Party Payors to pay artificially inflated prices for Valeant drugs as a result of a fraudulent scheme in which Valeant secretly controlled a captive pharmacy network through Philidor.

- The proposed settlements provide a total cash payment of **$23.125 million**. Plaintiffs have reached a proposed settlement with Valeant for $23 million (the "Valeant Settlement") and a proposed settlement with Philidor, Andrew Davenport, and the Estate of Matthew S. Davenport for $125,000 (the "Philidor Defendants Settlement" and, with the Valeant Settlement, the "Settlements").

- The combined Settlement Amounts, plus interest earned, are known as the "Settlement Funds." The Net Settlement Funds (*i.e.*, the Settlement Funds less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses and service awards for Plaintiffs awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to eligible claimants in accordance with a plan of allocation to be approved by the Court.[1]

---

[1] All capitalized terms not defined in this Notice shall have the meanings set forth in the Stipulation and Agreement of Settlement with Valeant Pharmaceuticals International, Inc., dated August 4, 2021 ("Valeant Stipulation") or the Stipulation and Agreement of Settlement with the Philidor Defendants, dated August 4, 2021 ("Philidor Defendants Stipulation"), which are available at www.ValeantTPPSettlement.com

## A Summary of Your Rights and Options:
### Your Legal Rights Are Affected Even If You Do Not Act.
### Read This Notice Carefully.

| You May: | Brief Explanation: | Due Date: |
|---|---|---|
| **File a Claim** | **Submit a Claim Form**<br>This is the only way you will receive any payment from the Settlements. **See Question 7.** | **Postmarked (if mailed) or filed online by _____, 20__** |
| **Exclude Yourself** | **Get out of the Settlements**<br>You may exclude yourself from the Settlement Class and keep your right to sue at your own expense. If you exclude yourself, you will not receive any payment from the Settlements. **See Question 12.** | **Received by _____, 2021** |
| **Object to the Settlements** | **Object or comment on the Settlements**<br>If you do not exclude yourself, you may object to or comment on one or both of the Settlements, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses. **See Question 14.** | **Received by _____, 2021** |
| **Do Nothing** | You are automatically part of the class action if you fit the definition of the Settlement Class below. However, if you do not file a claim by _____, 20__, you will not receive any payment from the Settlements. **See Question 9.** | **N/A** |

### THESE RIGHTS AND OPTIONS
### — AND THE DEADLINES TO EXERCISE THEM —
### ARE EXPLAINED IN THIS NOTICE.

**1.     Why did I receive this Notice?  What is this Notice about?**

You received this Notice because you requested it or because records indicate that you are a Third-Party Payor who may have paid or incurred costs for Valeant-branded drugs from January 2, 2013 through November 9, 2015 purchased from Philidor or a Philidor Network Pharmacy (see list below). You may be entitled to money as part of the Settlements proposed to resolve this Action. You are not being sued.

This Notice explains:

- What the Action and the Settlements are about.
- Who is affected by the Settlements.
- Who represents you and the Settlement Class in the Action.
- What your legal rights and choices are.
- How and by when you need to act.

**2.      Who are the Defendants?**

The Defendants (the companies and individuals that the lawsuit is being brought against) are Valeant Pharmaceuticals International, Inc. ("Valeant"); Philidor Rx Services, LLC ("Philidor"), Andrew Davenport, and the Estate of Matthew S. Davenport.

**3.      What is the Action about?**

The Action alleges that Defendants violated the RICO Act by causing Plaintiffs[2] and other Third-Party Payors to pay for Valeant drugs that should never have been delivered and to pay artificially inflated prices for Valeant drugs through Valeant's secret captive pharmacy network, which was controlled by Philidor. The Action alleges that Valeant concealed its effective ownership and control of Philidor and that Defendants used the Philidor pharmacy network to inflate the price of Valeant drugs.

Defendants deny any wrongdoing and liability.  They agreed to the Settlement to resolve the controversy and to avoid the burden and expense of further litigation.

**4.      Who is a member of the Settlement Class?  Who is eligible under the Settlements?**

The Settlement Class includes:

> all health insurance companies, health maintenance organizations, self-funded health and welfare benefit plans, other Third-Party Payors, and any other health benefit provider in the United States of America or its territories, that paid or incurred costs for Valeant's branded drug products in connection with a claim submitted by Philidor, a claim submitted by any pharmacy in which Philidor had a direct or indirect ownership interest, or a claim by any pharmacy for which the amount sought for reimbursement was alleged to be inflated as a result of Defendants' allegedly fraudulent scheme, during the period from January 2, 2013 through November 9, 2015 (the "Class Period"), and allegedly suffered damages thereby.

A Third-Party Payor (or "TPP") is an entity in the United States of America or its territories that was (i) a party to a contract, issuer of a policy, or sponsor of a plan; and (ii) at risk, under such contract, policy, or plan, to pay or reimburse all or part of the cost of prescription drugs dispensed to covered natural persons. TPPs include insurance companies, union health and welfare benefit plans, and self-insured employers. Entities with self-funded plans that contract with a health insurance company or other entity to serve as a third-party claims administrator to administer their prescription drug benefits qualify as TPPs.  Private plans that cover government employees and/or retirees are also included.

Excluded from the Settlement Class are Pharmacy Benefit Managers[3], Defendants, Defendants' successors and assigns, and any entity in which any Defendants has or had a controlling interest.

---

[2] "Plaintiffs or "Class Representatives" are AirConditioning and Refrigeration Industry Health and Welfare Trust Fund, Fire and Police Health Care Fund, San Antonio, Plumbers Local Union No. 1 Welfare Fund, New York Hotel Trades Council & Hotel Association of New York City, Inc. Health Benefits Fund, and the Detectives Endowment Association of New York City.

[3] "Pharmacy Benefit Managers" means pharmacy benefit managers and comparable entities such as third-party administrators and administrative service organizations that contract with Third-Party Payors to perform administrative and/or management services in connection with the Third-Party Payors' purchase of prescription drugs.

Questions?  Visit www.ValeantTPPSettlement.com or call 1-877-888-6363          Page 3

To be a member of the Settlement Class, you must have paid or incurred costs for a Valeant-branded drug that was purchased from or fulfilled by Philidor or a pharmacy in which Philidor had a direct or indirect ownership interest (a "Philidor Network Pharmacy").  The list of **Philidor Network Pharmacies** is:

- Cambria Pharmacy
- D&A Pharmacy
- Heritage Compounding Pharmacy
- Orbit Pharmacy
- Parkwest Pharmacy
- Philidor Rx Services, LLC
- Prescription Shoppe
- R&O Pharmacy
- Safe Rx Pharmacy
- West Wilshire Pharmacy

The Valeant-branded drugs that were affected by the alleged wrongdoing in this Action include:

- Addyi
- Aldara
- Atralin
- Carac
- Cuprimine
- Edecrin
- Glumetza
- Jublia
- Lodosyn
- Loprox
- Luzu
- Mephyton
- Migranal Nasal Spray (dihydroergotamine mesylate)
- Noritate
- Retin-A Micro
- Solodyn
- Syprine
- Targretin
- Tretinoin
- Vanos
- Wellbutrin
- Xerese
- Ziana

If you are a TPP and you paid or reimbursed costs from January 2, 2013 through November 9, 2015 for a Valeant-branded drug that was purchased from or fulfilled by Philidor or a Philidor Network Pharmacy, you are a member of the Settlement Class and are eligible to participate in the Settlement.

## 5.      What does the proposed Settlement provide?

The Valeant Settlement provides that Valeant will pay $23,000,000.00 into a Settlement Fund for the benefit of the Settlement Class, and the Philidor Defendants Settlement provides that Philidor, Andrew Davenport, and the Estate of Matthew S. Davenport will pay $125,000.00 into a Settlement Fund for the benefit of the Settlement Class.  Both Settlements are subject to approval by the Court.  In addition, the effectiveness of the Philidor Defendants Settlement is contingent upon final approval of the Valeant Settlement.

Each of the Settlements provides a release of all claims by members of the Settlement Class.  This means that if you remain in the Settlement Class you cannot sue the Defendants in another lawsuit relating to the claims in this lawsuit.  The full release language is found in the Claim Form included in this Notice package. Attorneys' fees, Litigation Expenses, any service awards to Plaintiffs, and Notice and Administration Costs, as approved by the Court, will be paid from the Settlement Funds before distribution to Settlement Class Members.

Class Counsel conducted a thorough investigation of the law and facts in the Action.  The Action was litigated for several years, including through discovery resulting in production and review of 4 million pages of documents and 39 depositions.  The Settlement is a result of arm's-length negotiations among the parties.  Class Counsel compared the benefits of the Settlements to the risks of going to trial and concluded that the Settlements are fair, reasonable, adequate, and in the best interests of the Settlement Class.

Complete details of the Settlements are found in the Valeant Stipulation and the Philidor Defendants Stipulation, which are available at www.ValeantTPPSettlement.com.

**6.      How do I know if I am included in the Settlements being proposed?**

You are automatically included in the Settlements if you meet the definition of the Settlement Class above.

If you do not want to be included, you must exclude yourself.  Details on how to exclude yourself are found in the answer to Question 12.

**7.      What do I need to do to get a payment?**

To receive payment from the Settlements, you must submit a valid Claim Form either online at www.ValeantTPPSettlement.com **by _____, 2021** or by mail, postmarked by **_____, 2021** to the Claims Administrator at the following address:

**Valeant TPP Settlements**
**c/o A.B. Data, Ltd.**
**P.O. Box 173052**
**Milwaukee, WI 53217**

A Claim Form is included with this Notice.  *The Claim Form provides complete instructions for submitting a valid claim.*

**8.      How are payments determined?**

At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlements.  Under the two Settlements, Defendants shall pay or cause to be paid a total of $23,125,000 in cash.  The Net Settlement Funds, after deduction of attorneys' fees, Litigation Expenses, service awards to Plaintiffs, Taxes, and Notice and Administration Costs, as awarded or allowed by the Court, will be distributed in accordance with a plan of allocation to be approved by the Court.

Under Plaintiffs' proposed Plan of Allocation, the Net Settlement Funds will be distributed on a *pro rata* basis to Settlement Class Members who submit valid Claim Forms based on the amount that each Claimant paid for Valeant-branded drugs purchased from or fulfilled by Philidor or a Philidor Network Pharmacy (as defined in the Notice) during the Class Period, in proportion to the total amount that all eligible Claimants paid for Valeant-branded drugs purchased from or fulfilled by Philidor or a Philidor Network Pharmacy during the Class Period.  The Plan of Allocation is set forth in Appendix A at the end of this Notice.

**9.      What happens if I do nothing?**

If you are a member of the Settlement Class and you do nothing, you will be bound by the Settlement. However, to receive any money from the Settlements you must submit a valid Claim Form filed or postmarked (if mailed) by **_____, 2021** to the Claims Administrator.  For details on how to exclude yourself ("opt-out") from the Settlement Class, see Question 12.

**10.   If I remain in the Settlement Class, what claims am I settling?**

If the Court approves the Settlements, the Action will be dismissed and you and all members of the Settlement Class may not sue the Defendants for the same claims.  You and all members of the Settlement Class will release all claims concerning the conduct challenged in this lawsuit.  The full text of the releases are set forth in the Claim Form, which is included in this notice package.

**11.   What if I don't want to be in the Settlement Class?**

If you decide to exclude yourself from the Settlement Class, you will be free to sue Defendants on your own for their conduct alleged in this Action.  However, you will not receive any money from the Settlements, and you will no longer be represented by Class Counsel.  If you want to receive money from the Settlements, do not exclude yourself.

**12.   How do I exclude myself from the Settlement Class?**

You can exclude yourself from the Settlement Class by sending a written "Request for Exclusion" to the Claims Administrator so that it is *received* **by _____, 2021**.  Your written request must:

- state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person;
- state that such person or entity "requests exclusion from the Settlement Class in *In re Valeant Pharmaceuticals International, Inc. Third-Party Payor Litigation*, Civil Action No. 16-3087-(MAS)(LHG) (D.N.J.)";
- state the total dollar amount that the person or entity requesting exclusion paid or incurred to purchase or reimburse purchases of Valeant-branded drugs purchased from or fulfilled by Philidor or a Philidor Network Pharmacy from January 2, 2013 through November 9, 2015; and
- be signed by the person or entity requesting exclusion or an authorized representative.

Requests for Exclusion must be sent to the following address:

**Valeant TPP Settlements**
**EXCLUSIONS**
**c/o A.B. Data, Ltd.**
**P.O. Box 173001**
**Milwaukee, WI 53217**

Please note that that you cannot request exclusion with respect to only the Valeant Settlement or only the Philidor Defendants Settlement.  If you request exclusion from the Settlement Class, you will be excluded from participation in both Settlements.

Valeant has the right to terminate the Valeant Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Valeant.

**13.   May I object to the Settlements?**

Yes.  If you are a member of the Settlement Class and you have not requested exclusion from the Settlement Class, you may object to any aspect of the Settlements, including their fairness, reasonableness, or adequacy, the proposed Plan of Allocation, or Class Counsel's motion for attorneys' fees and expenses.

**14.     How do I object to the Settlements?**

To object to one or both of the Settlements, the proposed Plan of Allocation, or the request for attorneys' fees and expenses, you (or your lawyer if you have one) must file an objection with the Clerk of the Court, United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 E. State St., Trenton, NJ 08608.  This must be *received* **by** _____, **2021**.  Your objection must contain the following information:

- The case name and number, *In re Valeant Pharmaceuticals International, Inc. Third-Party Payor Litigation*, Civil Action No. 16-3087-(MAS)(LHG);

- The name, address, and telephone number of the person or entity objecting, and if represented by counsel, the name, address, and telephone number of such counsel, and must be signed by the objector or an authorized representative;

- The objection, including any supporting papers, which must state with specificity the grounds for the objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class;

- The objection must state the total dollar amount that the objecting Settlement Class paid or incurred to purchase or reimburse purchases of Valeant branded drugs purchased from or fulfilled by Philidor or a Philidor Network Pharmacy from January 2, 2013 through November 9, 2015 and must provide supporting documentation establishing that the objector is a member of the Settlement Class; and

- The names and addresses of any witnesses to be presented at the Settlement Hearing, together with a statement as to the matters on which they wish to testify and a summary of the proposed testimony.

- The objection and any documentation that you file with the Court must also be mailed or delivered so that it is *received* **on or before** _____, **2021** by the following:

| **Class Counsel** | **Valeant's Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP James A. Harrod, Esq. 1251 Avenue of the Americas New York, NY 10020 | Simpson Thacher & Bartlett LLP Craig S. Waldman, Esq. 425 Lexington Avenue New York, NY 10017 |
| Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. James E. Cecchi, Esq. 5 Becker Farm Road Roseland, NJ 07068 | **Philidor Defendants' Counsel** Ferrara Law Group, P.C. Ralph P. Ferrara, Esq. 1 Holtec Drive, Suite G102 Marlton, NJ 08053 |

Settlement Class Members that wish to object must also email their objection and any supporting papers, on or before _____, 2021 to settlements@blbglaw.com, JCecchi@carellabyrne.com, cwaldman@stblaw.com, and ralph@ferraralawgp.com.

Questions?  Visit www.ValeantTPPSettlement.com or call 1-877-888-6363

Objections filed with the Court *after* _____, *2021* will *not* be considered.

Any lawyer representing a Class Member for the purpose of making objections must also file a Notice of Appearance with the Clerk of the Court no later than _____, 2021 and must also serve copies by mail to Counsel listed above.

**15.   What is the difference between objecting to the Settlements and excluding myself from the Settlement Class?**

To object to one of both of the Settlements, you must remain a member of the Settlement Class.  An objection allows your views on the Settlements to be heard in Court.  You will be bound by the terms and conditions of the Settlements if they are approved, even if the Court rules against your objection.

When you exclude yourself, or opt out, you are no longer a member of the Settlement Class.  You will not be subject to the terms and conditions of the Settlements, and you keep your right to sue the Defendants for the same claims in another lawsuit.  However, you lose the right to object to the Settlements and you will not receive any payment from the Settlements.

**16.   Do I have a lawyer representing my interests in this Action?**

Yes.  The Court has appointed lawyers to represent you and other Settlement Class Members.  These lawyers are called Class Counsel.  You will not be charged individually for these lawyers.  They will ask the Court to approve an award of fees and expenses to be paid from the Settlement Funds.  The following law firms represent the Settlement Class:

| | |
|---|---|
| James A. Harrod, Esq.<br>Bernstein Litowitz Berger &<br>   Grossmann LLP<br>1251 Avenue of the Americas<br>New York, NY 10020 | James E. Cecchi<br>Carella, Byrne, Bain, Gilfillan,<br>   Cecchi, Stewart & Olstein<br>5 Becker Farm Road<br>Roseland, NJ 07068 |

**17.   How will the lawyers be compensated?**

Class Counsel will request an award from the Court for attorneys' fees and expenses for all Plaintiffs' Counsel[4] in an amount not to exceed 30% of the Settlement Funds.  Class Counsel will also apply for payment of Plaintiffs' Counsel's Litigation Expenses in an amount not to exceed $750,000.  Plaintiffs may also apply for service awards, including for reimbursement of their costs and expenses related to their representation of the Settlement Class, in a total amount not to exceed $100,000.  All awards for attorneys' fees, Litigation Expenses, and Plaintiffs' service awards shall be paid from the Settlement Funds if approved by the Court.  Individual Settlement Class Members are not responsible for these costs.

**18.   Should I get my own lawyer?**

You do not need to hire your own attorney, but if you hire an attorney to speak for you or appear in Court, your lawyer must file a Notice of Appearance (*see* Question 14 above).  If you hire your own lawyer, you will have to pay for that lawyer on your own.

---

[4] Plaintiffs' Counsel are Class Counsel (Bernstein Litowitz Berger & Grossmann LLP and Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein); Barrack, Rodos & Bacine; and Cohen Milstein Sellers & Toll PLLC.

**19.     When and where will the Court decide whether to grant final approval of the Settlements?**

The Court will hold a hearing to consider the final approval of the Settlements, called a "Settlement Hearing," on _____, 2021, at ___ __.m., either in person at Courtroom 1 of the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 E. State St., Trenton, NJ 08608, or by telephone or videoconference (in the discretion of the Court) . The Court may reschedule the Settlement Hearing without further notice to the Settlement Class.

The purpose of the Settlement Hearing is to:

- Decide if the Action should be certified as a class action and if Plaintiffs should be approved as Class Representatives and Class Counsel should be approved as counsel for the Settlement Class;

- Decide if the Valeant Settlement is fair, reasonable, and adequate, and should be approved, and if a judgment as to Valeant should be entered;

- Decide if the Philidor Defendants Settlement is fair, reasonable, and adequate, and should be approved, and if a judgment as to the Philidor Defendants should be entered;

- Decide if the plan of allocation of the Settlement Funds should be approved;

- Consider Class Counsel's motion for attorneys' fees and Litigation Expenses, including any requests for service awards for the Plaintiffs who represented the Settlement Class;

- Consider all comments or objections on the Settlements; and

- Consider any other issues the Court thinks it is necessary to consider.

**20.     Do I have to attend the Settlement Hearing?**

No.  Attendance is not required, even if you mailed a written objection.  Class Counsel are prepared to answer questions on your behalf.  Class members who filed and served a written objection, however, may attend the Settlement Hearing, in person or through an attorney hired at their own expense.

**21.     Can I speak at the Settlement Hearing?**

Yes, anyone can attend the Settlement Hearing and watch.  If you want to appear at the Settlement Hearing and object, in person or through an attorney hired at your own expense, you need to file and serve a written objection with the Court no later than _____, 2021.  See Question 14.

**22.     Where do I get more information?**

This Notice contains a summary of relevant Court papers.  Complete copies of public pleadings, Court rulings and other filings are available for review and copying at the Clerk's office.  The address is United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 E. State St., Trenton, NJ 08608.  You can also review relevant documents on the website specifically created to provide information about the Settlements, at www.ValeantTPPSettlement.com.

Additional information about the Action is available by:

- Visiting the settlement website at www.ValeantTPPSettlement.com

- Calling the Claims Administrator, toll free: 1-877-888-6363

- Writing to:

  **Valeant TPP Settlements**
  **c/o A.B. Data, Ltd.**
  **P.O. Box 173052**
  **Milwaukee, WI 53217**

- Emailing: info@ValeantTPPSettlement.com

***Please do not contact Valeant, the other Defendants, or the Court.***

## APPENDIX A
## PROPOSED PLAN OF ALLOCATION

1.       This Plan of Allocation will govern distributions from (a) the net proceeds of the $23,000,000 settlement fund created by the August 4, 2021 Stipulation and Agreement of Settlement with Valeant Pharmaceuticals International, Inc. (the "Valeant Net Settlement Fund") and (b) the net proceeds of the $125,000 settlement fund created by the August 4, 2021 Stipulation and Agreement of Settlement with the Philidor Defendants (the "Philidor Defendants Net Settlement Fund"). The Valeant Net Settlement Fund and the Philidor Defendants Net Settlement Fund are collectively referred to herein as the "Net Settlement Funds".

2.       The objective of the Plan of Allocation is to equitably distribute the Net Settlement Funds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged violations of law asserted in the Amended Complaint. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlements. The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Funds.

3.       To receive a distribution under this Plan of Allocation, a person or entity must be a member of the Settlement Class and must submit a timely and valid Claim Form. Claimants who requested exclusion from the Settlement Class shall not receive any distributions pursuant to this Plan of Allocation.

4.       The timeliness and validity of all Claims submitted by Settlement Class Members shall be determined by the Claims Administrator, subject to review by Class Counsel and approval by the Court. All determinations under this Plan of Allocation shall be made by the Claims Administrator, subject to review by Class Counsel and approval by the Court.

5.       **Recognized Claim:** A Claimant's "Recognized Claim" shall be calculated as 80% of the total dollars spent by the Settlement Class Member to pay or provide reimbursement for some or all of the purchase price of one or more Valeant-branded drugs that were purchased from or fulfilled by Philidor or a Philidor Network Pharmacy during the Class Period.

6.       **Documentation Requirement.** All Claim Forms claiming a Recognized Claim of $100,000 or more require Claim Documentation. In addition, Claim Forms below that threshold may be determined to require Claim Documentation by the Claims Administrator where the Claims Administrator disputes a material fact concerning the Claim Form. Absent acceptable Claim Documentation, the Claims Administrator may, in consultation with Class Counsel, deny all or part of a claim, or may cap payment of a claim at 80% of the amount claimed.

7.    **"Claim Documentation"** means itemized receipts, cancelled checks, invoices, statements, or other business or transaction records documenting payment for purchases or reimbursement paid for Valeant-branded drugs purchased from or fulfilled by Philidor or a Philidor Network Pharmacy during the Class Period.

8.    **Determination of Distribution Amount:**  The Net Settlement Funds will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Funds.

9.    If an Authorized Claimant's Distribution Amount calculates to less than $100.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

10.   After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Funds is not cost-effective, the remaining balance will be contributed to one or more non-sectarian, not-for-profit, 501(c)(3) organization(s) to be determined by Class Counsel and approved by the Court.

11.   Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants.  No person or entity shall have any claim against Plaintiffs, Class Counsel, the Claims Administrator, or any other agent designated by Class Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Plaintiffs and Defendants, and their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Funds or the Net Settlement Funds, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

12.   The Plan of Allocation set forth herein is the plan that is being proposed by Plaintiffs to the Court for its approval.  The Court may approve this Plan as proposed or it may amend or modify the Plan of Allocation without further notice to the Class.  Any Orders regarding any amendment or modification of the Plan of Allocation will be posted on www.ValeantTPPSettlement.com.

# Exhibit 2

Case 3:16-cv-03087-MAS-LHG   Document 194-3   Filed 08/05/21   Page 29 of 81 PageID: 4254

| MUST BE POSTMARKED ON OR BEFORE _____, 202_ | *In re Valeant Pharmaceuticals International, Inc. Third-Party Payor Litigation*<br>Civil Action No. 16-3087-(MAS)(LHG) (D.N.J.) | FOR OFFICIAL USE ONLY |

# CLAIM FORM

YOUR CLAIM MUST BE POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 202_

Submit the Claim Form using the Claims Administrator's website, www.ValeantTPPSettlement.com

OR

Mail your claim to:   *Valeant TPP Settlement*, c/o A.B. Data, Ltd., P.O. Box 173052, Milwaukee, WI 53217

> ***ATTENTION: THIS FORM IS ONLY TO BE FILLED OUT ON BEHALF OF A THIRD-PARTY PAYOR, NOT INDIVIDUAL CONSUMERS***

## PART I – CLAIMANT IDENTIFICATION

| SECTION A | OR | SECTION B |
|---|---|---|
| ONLY IF YOU ARE FILING AS A SETTLEMENT CLASS MEMBER SUCH AS AN INSURANCE COMPANY OR HEALTH PLAN | | ONLY IF YOU ARE AN AUTHORIZED AGENT FILING ON BEHALF OF ONE OR MORE SETTLEMENT CLASS MEMBERS |

### Section A: Settlement Class Member

Company or Health Plan Name

Contact Name

Address 1

Address 2

| City | State | Zip |

Area Code – Telephone Number     Tax Identification Number

Email Address

List other names by which your company or health plan has been known or other Federal Employer Identification Numbers ("FEINs") it has used since January 2, 2013.

> [blank field]

> [blank field]

Health Insurance Company/HMO

Self-Insured Employee Health Plan

Self-Insured Health & Welfare Fund

Other (Explain)

> [blank field]

### Section B: Authorized Agent Only

** As an Authorized Agent, please check how your relationship with the Settlement Class Member(s) is best described:

Third Party Administrator

Pharmacy Benefit Manager

Other (Explain)

> [blank field]

Authorized Agent's Company Name

> [blank field]

Contact Name

> [blank field]

Address 1

> [blank field]

Address 2

> [blank field]

City

> [blank field]

State

> [blank field]

Zip

> [blank field]

Area Code – Telephone Number

> [blank field]

Authorized Agent's Tax Identification Number

> [blank field]

Email Address

> [blank field]

Please list the name and FEIN of every Settlement Class Member (*i.e.*, Company or Health Plan) for whom you have been duly authorized to submit this Claim Form (attach additional sheets to this Claim Form as necessary). Alternatively, you may submit the requested list of Settlement Class Member names and FEINs in an electronic format, such as Excel or a tab-delimited text file saved on a disk or flash drive. Please contact the Claims Administrator to determine what formats are acceptable.

| SETTLEMENT CLASS MEMBER'S NAME | SETTLEMENT CLASS MEMBER'S FEIN |
|---|---|
| | |
| | |
| | |
| | |

## PART II – AMOUNT CLAIMED

Please type or print in the box below, the total amounts paid or incurred costs for Valeant's branded drug products in connection with a claim submitted by Philidor, a claim submitted by any pharmacy in which Philidor had a direct or indirect ownership interest, or a claim by any pharmacy for which the amount sought for reimbursement was alleged to be inflated as a result of Defendants' allegedly fraudulent scheme, during the period from January 2, 2013 through November 9, 2015.

To be a member of the Settlement Class, you must have paid or incurred costs for a Valeant-branded drug that was purchased from or fulfilled by Philidor or a pharmacy in which Philidor had a direct or indirect ownership interest (a "Philidor Network Pharmacy"). The list of **Philidor Network Pharmacies** is:

- Cambria Pharmacy
- D&A Pharmacy
- Heritage Compounding Pharmacy
- Orbit Pharmacy
- Parkwest Pharmacy

- Philidor Rx Services
- Prescription Shoppe
- R&O Pharmacy
- Safe Rx Pharmacy
- West Wilshire Pharmacy

The Valeant-branded drugs that were affected by the alleged wrongdoing in this Action include:

- Addyi
- Aldara
- Atralin
- Carac
- Cuprimine
- Edecrin
- Glumetza
- Jublia
- Lodosyn

- Loprox
- Luzu
- Mephyton
- Migranal Nasal Spray (dihydroergotamine mesylate)
- Noritate
- Retin-A Micro

- Solodyn
- Syprine
- Targretin
- Tretinoin
- Vanos
- Wellbutrin
- Xerese
- Ziana

| VALEANT-BRANDED DRUG PURCHASED FROM OR FULFILLED BY PHILIDOR NETWORK PHARMACY | TOTAL AMOUNT PAID |
|---|---|
| Amounts Paid or Incurred from January 2, 2013 through November 9, 2015. | $ |

You must submit claims data and information in support of the purchase amounts stated above if your total net claim amount is more than $100,000. Instructions on how to do so are found in the Claims Documentation Instructions on the Claims Administrator's website or included with this Claim Form. If your total net claim is $100,000 or less, you need not provide complete claims data with this Claim Form, but the Settlement Administrator may require supporting documentation after reviewing your Claim.

## PART III – RELEASE OF CLAIMS AND CERTIFICATION

I (we) hereby acknowledge that, pursuant to the terms set forth in (i) the Stipulation and Agreement of Settlement with Valeant Pharmaceuticals International, Inc. dated August 4, 2021; and (ii) the Stipulation and Agreement of Settlement with the Philidor Defendants, dated August 4, 2021, without further action by anyone, upon the Effective Date of the respective Settlements, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, trusts, trustees, estates, beneficiaries, legatees, insurers, reinsurers, predecessors, successors, and assigns (and assignees of the foregoing), in their capacities as such, shall be deemed to have, and by operation of law and of the applicable Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Settling Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Settling Defendants' Releasees.

"**Released Plaintiffs' Claims**" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Plaintiffs or any other member of the Settlement Class: (i) asserted in the Action, or (ii) could assert or could have asserted against Defendants in this or any other forum, whether known or unknown, that arise out of, are based upon, or relate to any alleged payment by Plaintiffs for Valeant-branded drugs or costs incurred for Valeant-branded drugs during the Class Period. For the avoidance of doubt, Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims by any governmental entity that arise out of any governmental investigation of Valeant relating to the wrongful conduct alleged in the Action; and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court

"**Settling Defendants' Releasees**" means Valeant Pharmaceuticals International, Inc., Philidor Rx Services, LLC, Andrew Davenport, and the Estate of Matthew S. Davenport, and their current and former parents, subsidiaries, divisions, controlling persons, associates, entities and affiliates and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), consultants, underwriters, investment bankers, commercial bankers, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers of each of them; as well as the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

"**Unknown Claims**" means any Released Plaintiffs' Claims which any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her, or its decision(s) with respect to either of the Settlements. Each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those which they or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have, settled and released any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. Each of the other Settlement Class Members shall

be deemed by operation of law to have acknowledged that the foregoing waiver was separately bargained for and a key element of the Settlement

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.    that I (we) have read and understand the contents of the Notice, the Plan of Allocation, and this Claim Form, including the releases provided for in the Settlements and the terms of the Plan of Allocation;

2.    that the claimant(s) is (are) members of the Settlement Class, as defined in the Notices and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.    that the claimant(s) has (have) **not** submitted a request for exclusion from the Settlement Class;

4.    that I (we), or the Settlement Class Member(s) I (we) represent, paid the total amount set forth above for Valeant-branded drugs that were purchased from or fulfilled by Philidor or a Philidor Network Pharmacy during the period from January 2, 2013 through November 9, 2015;

5.    to the extent I (we) have been given authority to submit this Claim Form by a Settlement Class Member(s) on its behalf, and accordingly am submitting this Proof of Claim in the capacity of an Authorized Agent with authority to submit it by the Settlement Class Member(s) identified on a separate sheet of paper submitted with this form, I (we) have been authorized to receive payment on behalf of this Settlement Class Member(s). In the event amounts from the Settlement Fund are distributed to me (us) and a Settlement Class Member(s) later claims that I (we) did not have authority to claim and/or receive such amounts on its (their) behalf, I (we) and/or my (our) employer will hold the Settlement Class, Plaintiffs' Counsel, and the Claims Administrator harmless with respect to any claims made by the Settlement Class Member(s).

6.    that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim, including resolution of disputes relating to this Claim Form, and for purposes of enforcing the releases set forth herein;

7.    that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator, or the Court may require;

8.    that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9.    that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action;

10.    that I (we) acknowledge that any false information or representations contained herein may subject me (us) to sanctions, including the possibility of criminal prosecution.

**I certify that the above information supplied by the undersigned is true and correct to the best of my knowledge and that this Claim Form was executed this _____ day of _____, 20__.**

Signature

Position/Title

Print Name

Date

You must submit this Claim Form online through the Claims Administrator's website by _____, 202_, or mail the completed Claim Form, along with any supporting documentation as described above, postmarked on or before _____, 202_, to the following address:

Valeant TPP Settlement
c/o A.B. Data, Ltd.
P.O. Box 173052
Milwaukee, WI 53217

Toll-Free Telephone: 1-877-888-6363                    Website: www.ValeantTPPSettlement.com

**REMINDER CHECKLIST:**

1.  Please complete and sign the above Claim Form. Attach or upload any documentation supporting your claim.

2.  Keep a copy of your Claim Form and supporting documentation for your records.

3.  If you would also like acknowledgement of receipt of your Claim Form, please complete the form online or mail this form via Certified Mail, Return Receipt Requested.

4.  If you move and/or your name changes, please send your new address and/or your new name or contact information to the Claims Administrator via the Settlement Website or U.S. Mail (the addresses are listed above).

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re Valeant Pharmaceuticals International, Inc. Third-Party Payor Litigation | Civil Action No. 16-3087-(MAS)(LHG) |

## INSTRUCTIONS FOR SUBMITTING YOUR THIRD-PARTY PAYOR CLAIM FORM

The information you provide will be kept confidential and will be used only for administering the Settlements. If you have any questions, please call the Claims Administrator at **1-877-888-6363**.

A Settlement Class Member or an authorized agent can complete this Claim Form. If both a Settlement Class Member and its authorized agent submit a Claim Form, the Claims Administrator will only consider the Settlement Class Member's Claim Form. The Claims Administrator may request supporting documentation. The claim may be rejected if any requested documentation is not provided in a timely manner.

If you are a **Settlement Class Member** submitting a Claim Form on your own behalf, you must provide the information requested in "**Part I, Section A – COMPANY OR HEALTH PLAN SETTLEMENT CLASS MEMBER ONLY**," in addition to the other information requested by this Claim Form.

If you are an **authorized agent** of one or more Settlement Class Members, you must provide the information requested in "**Part I, Section B – AUTHORIZED AGENT ONLY**," in addition to the other information requested by this Claim Form.

You may submit a separate Claim Form for each Settlement Class Member, OR you may submit one Claim Form for all such Settlement Class Members as long as you provide the information required for each Settlement Class Member on whose behalf you are submitting the form.

If you are submitting Claim Forms both on your own behalf as a Settlement Class Member AND as an authorized agent on behalf of one or more Settlement Class Members, you should submit one Claim Form for yourself, completing Section A, and another Claim Form or Forms as an authorized agent for the other Settlement Class Member(s), completing Section B. **Do not submit a Claim Form on behalf of any Settlement Class Member unless that Settlement Class Member provided prior authorization to submit the Claim Form.**

In order to qualify to receive a payment from the Settlements, you must complete and submit this Claim Form either on paper or electronically on the Settlement website, and you may need to provide certain requested documentation to substantiate your Claim Form.

Your failure to complete and submit the Claim Form postmarked or filed online by _____, 202_, will prevent you from receiving any payment from the Settlements. Submission of this Claim Form does not ensure that you will share in the payments related to the Settlements. If the Claims Administrator disputes a material fact concerning your Claim Form, you will have the right to present information in a dispute resolution process.

## CLAIM DOCUMENTATION REQUIREMENTS

You must provide all the information requested in "Part II: Amount Claimed." You must submit claims data and information in support of the purchase amounts if your total net claim amount is more than $100,000. Your claimed purchase amounts for Valeant's branded drug products in connection with a claim submitted by Philidor, a claim submitted by any pharmacy in which Philidor had a direct or indirect ownership interest, or a claim by any pharmacy for which the amount sought for reimbursement was alleged to be inflated as a result of Defendants' allegedly fraudulent scheme, during the period from January 2, 2013 through November 9, 2015, must be net of co-pays, deductibles, and co-insurance.

If you must submit claims data and information, it is mandatory that you provide the data for all categories listed below. Affidavits that do not include the information listed below will not be accepted.

    a) Unique patient identification number or code.

    b) NDC Number (a list of NDC Numbers is included with this Claim Form) – *e.g.*, 00000-0000-00

    c) Fill Date or Date of Service – *e.g.*, 01/01/2007

    d) Name of Pharmacy – *e.g.*, Cambria Pharmacy

    e) Amount Billed (not including dispensing fee) – *e.g.*, $40.00

    f) Amount Paid by TPP net of co-pays, deductibles, and co-insurance – *e.g.*, $20.00

If you are submitting a Claim Form on behalf of multiple Settlement Class Members, also provide the following information for each prescription:

    g) Plan or Group Name.

    h) Plan or Group FEIN – provide group number for each transaction.

For your convenience, an exemplar spreadsheet containing these categories is attached at the end of this Claim Form. In addition, an Excel spreadsheet can be downloaded from the Settlement website, www.ValeantTPPSettlement.com. Please use this format if possible. A list of the NDCs that will be considered by the Claims Administrator is provided following the exemplar spreadsheet.

If possible, please provide the electronic data in either Microsoft Excel format, ASCII flat file pipe "|", tab-delimited, or fixed-width format.

Please contact the Claims Administrator at **1-877-888-6363** with any questions about the required claims data.

# Exhibit 3

**Exhibit A-3**

Legal Notice

## If you are a Third-Party Payor and made payments or reimbursements for Valeant-branded drugs fulfilled through Philidor from January 2, 2013 through November 9, 2015, you may be eligible for payment from a class action settlement.

Two settlements providing for a total cash payment of $23.125 million have been proposed in a class action lawsuit brought on behalf of Third-Party Payors ("TPPs") who paid or incurred costs for Valeant-branded drugs from January 2, 2013 through November 9, 2015 that were purchased through Philidor Rx Services, LLC ("Philidor") or any pharmacy in which Philidor had a direct or indirect ownership interest.

The lawsuit, called *In re Valeant Pharmaceuticals International, Inc. Third-Party Payor Litigation*, Civil Action No. 16-3087-(MAS)(LHG), is pending in the United States District Court for the District of New Jersey (the "Court"). Plaintiffs in the lawsuit allege that Valeant Pharmaceuticals International, Inc. ("Valeant"), Philidor, and other Defendants violated the Racketeer Influenced and Corrupt Organizations Act by causing Third-Party Payors to pay artificially inflated prices for Valeant drugs as a result of a fraudulent scheme in which Valeant secretly controlled a captive pharmacy network through Philidor.

Plaintiffs have reached a proposed settlement with Valeant for $23 million (the "Valeant Settlement") and a proposed settlement with Philidor, Andrew Davenport, and the Estate of Matthew S. Davenport for $125,000 (the "Philidor Defendants Settlement" and, with the Valeant Settlement, the "Settlements"). The Settlements are subject to Court approval.

### Who Is Included?

The Settlement Class includes all health insurance companies, health maintenance organizations, self-funded health and welfare benefit plans, other Third-Party Payors, and any other health benefit provider in the United States of America or its territories, that paid or incurred costs for Valeant's branded drug products in connection with a claim submitted by Philidor, a claim submitted by any pharmacy in which Philidor had a direct or indirect ownership interest, or a claim by any pharmacy for which the amount sought for reimbursement was alleged to be inflated as a result of Defendants' allegedly fraudulent scheme, from January 2, 2013 through November 9, 2015, and allegedly suffered damages thereby.

Excluded from the Settlement Class are Pharmacy Benefit Managers, Defendants, Defendants' successors and assigns, and any entity in which any Defendant has or had a controlling interest. Also excluded from the Settlement Class are any persons or entities who submit a request for exclusion from the Settlement Class that is approved by the Court.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlements, and you may be entitled to share in the Settlement Fund.** If you have not yet received the full printed Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Valeant TPP Settlements*, c/o A,B,

Data, Ltd., P.O. Box 173052, Milwaukee, WI 53217, 1-877-888-6363.  Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.ValeantTPPSettlement.com

### What Do the Settlements Provide?

**The proposed Settlements provide a total Settlement Amount of $23,125,000.** Attorneys' fees (not to exceed 30% of the total fund), Plaintiffs' Counsel's Litigation Expenses, service awards to Plaintiffs, Taxes, and Notice and Administration Costs, as awarded by the Court, will be deducted from the fund before distribution to Settlement Class Members.

The Net Settlement Funds will be allocated to Settlement Class Members who submit valid Claim Forms based upon a plan of allocation to be approved by the Court.  Under Plaintiffs' proposed Plan of Allocation, the Net Settlement Funds will be distributed on a *pro rata* basis based on the amount that a Claimant paid for Valeant-branded drugs purchased from or fulfilled by Philidor or a Philidor Network Pharmacy (as defined in the Notice) during the Class Period, in proportion to the total amount that all eligible Claimants paid for Valeant-branded drugs purchased from or fulfilled by Philidor or a Philidor Network Pharmacy during the Class Period.

### How Do You Get a Payment?

To receive a payment from the Settlements, simply fill out a Claim Form, and provide the information requested on the Claim Form, and mail it no later than _____, 20__.  A Claim Form is available at www.ValeantTPPSettlement.com.

### What Are My Legal Rights and Options?

If you are a Settlement Class Member, please review the full Notice, available at www.ValeantTPPSettlement.com, concerning your rights and options.  Only a summary is provided here.

- **Remain in the Settlement Class and submit a Claim Form to get payment**. Claim Forms must be postmarked (if mailed) or submitted online by _____, 20__.  You give up your right to sue and are bound by all Court orders.

- **Exclude yourself** ("opt out") from the Settlement Class.  A written request for exclusion must be *received* by _____, **2021**.  You retain your right to sue and you will not receive any payment as a result of this lawsuit.  Please see the full Notice for information on how to request exclusion.

- **Object** to one or both of the Settlements, the proposed Plan of Allocation, and/or counsel's request for attorneys' fees and expenses.  Written objections must be *received* by _____, **2021**.  You give up your right to sue and are bound by all Court orders even if your objection is rejected.  If you file an objection, you may appear at the Settlement Hearing to explain your objection, but you are not required to attend.  Please see the full Notice for information on how to file an objection.

- **Do nothing** and remain in the Settlement Class.  You give up your right to sue and are bound by all Court orders.  You must submit a Claim Form to get a payment.

2

The Court will determine whether to approve the Settlements, the Plan of Allocation, and attorneys' fees and expenses at a Settlement Hearing held on _____, 2021, at ____ _.m.

The Court has appointed lawyers to represent you at no cost to you. You may choose to hire your own lawyer at your own expense.

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
James A. Harrod, Esq.
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
(800) 380-8496
settlements@blbglaw.com

CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN
James E. Cecchi, Esq.
5 Becker Farm Road
Roseland, NJ 07068

Requests for the Notice and Claim Form should be made to:

Valeant TPP Settlements
c/o A.B. Data, Ltd.
P.O. Box 173052
Milwaukee, WI 53217

1-877-888-6363
www.ValeantTPPSettlement.com

3

# Exhibit 4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| IN RE VALEANT PHARMACEUTICALS INTERNATIONAL, INC. THIRD-PARTY PAYOR LITIGATION | Civil Action No. 16-3087-(MAS)(LHG) |

**DECLARATION OF LINDA V. YOUNG**

I, Linda V. Young, being duly sworn, certify as follows:

1.      I am the Vice President, Media with A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data"). I submit this Declaration at the request of Class Counsel in connection with the above-captioned action (the "Action"). This Declaration is based upon my personal knowledge of and upon information provided by Class Counsel, my associates, and A.B. Data staff members.[1]

2.      A.B. Data has also been appointed as notice, claims, and/or settlement administrator in hundreds of high-volume consumer, civil rights, insurance, antitrust, ERISA, securities, and wage and hour class action cases. A profile of A.B. Data's background and capabilities is included as **Exhibit A**.

3.      Some of A.B. Data's team members have more than 20 years of experience administering settlements of pharmaceutical class actions, which includes more than 25 indirect purchaser pharmaceutical class cases. A.B. Data has also recently been appointed Settlement Administrator in a number of high-profile, end-user pharmaceutical antitrust matters, including but not limited to: *In re Loestrin 24 Fe Antitrust Litigation*, MDL No. 2472 (D. RI); *The Hospital*

---

[1] All capitalized terms used that are not defined herein shall have the meanings set forth in the Stipulation and Agreement of Settlement with Valeant Pharmaceuticals International, Inc., dated August 4, 2021 or the Stipulation and Agreement of Settlement with the Philidor Defendants, dated August 4, 2021,

*Authority of Metropolitan Government of Nashville and Davidson County v. Momenta Pharmaceuticals, Inc.,* Civil No. No. 15-CV-01100 (M.D. Tenn.); *Vista Healthplan, Inc., et al. v. Cephalon, Inc. et al.*, Civil No. 06-CV-01833; and *In re Aggrenox Antitrust Litigation*, Civil Action No. 3:14-md-2516 (D. Conn.).

4.    As the Vice President, Media, for A.B. Data, I provide a broad range of services, including market research and analysis, creative development, advertising, and marketing planning. I have developed and directed some of the largest and most complex national notification plans in the United States. My curriculum vitae is attached as **Exhibit B**.

5.    This Declaration details a notice plan for the Action (the "Notice Plan"). The methods and tools used in developing the Notice Plan are of a type reasonably relied upon in the fields of media, advertising, and communications. The Notice Plan is designed to provide notice to Settlement Class Members defined as follows:

> all health insurance companies, health maintenance organizations, self-funded health and welfare benefit plans, other Third-Party Payors, and any other health benefit provider in the United States of America or its territories, that paid or incurred costs for Valeant's branded drug products in connection with a claim submitted by Philidor, a claim submitted by any pharmacy in which Philidor had a direct or indirect ownership interest, or a claim by any pharmacy for which the amount sought for reimbursement was alleged to be inflated as a result of Defendants' allegedly fraudulent scheme, during the Class Period, and allegedly suffered damages thereby. Excluded from the Settlement Class are Pharmacy Benefit Managers, Defendants, Defendants' successors or assigns, and any entity in which any Defendants had or had a

controlling interest. Also excluded from the Settlement Class are any persons or entities who submit a request for exclusion from the Settlement Class that is approved by the Court.

**Targeted Third-Party Payor ("TPP") Notice**

6.      A.B. Data maintains a proprietary database of approximately 40,000 entities that include insurance companies; health maintenance organizations; self-insured entities such as certain large corporations, labor unions, and employee benefit and pension plans; and certain record keepers, such as PBMs and third-party administrators (the "TPP Database"). A detailed notice in a form approved by the Court will be sent via First-Class Mail directly to each entity in the TPP Database. In addition, A.B. Data will send emails to certain entities in the TPP database with a known email address. Included within the email notices will be a link allowing recipients to view the detailed notice.

7.      To reach TPPs and related entities, in addition to the direct notice described above, A.B. Data will cause a banner ad campaign to appear on the following websites:

- ThinkAdvisor.com/life-health - This website is uniquely positioned to provide health insurance agents and brokers with timely, insightful information as they navigate the specialty insurance markets and sort through critical industry developments.

- SHRM.org - This website is the official website of the Society of Human Resource Management. Website users include Human Resource management specializing in a variety of HR disciplines such as benefits, health insurance, compliance, and many others. It is also used by HR management within large companies that offer private health insurance policies to their employees.

- BenefitNews.com – This website serves human resource management that specializes in the benefits offered to their employees, including health insurance.

Page 3 of 6

8.      All banner ads will include an embedded link to the case-specific website and images appropriate for this Action and the target audience, which will increase the visibility and click-through rate of the ads. An example banner ad is attached as **Exhibit C**.

### Earned Media

9.      A.B. Data also recommends that the Summary Notice be disseminated via *PR Newswire*'s US1 Newsline distribution list. This news release will be distributed via *PR Newswire* to the news desks of approximately 10,000 newsrooms, including those of print, broadcast, and digital websites across the United States.

### Toll-Free Telephone Number

10.      A.B. Data will establish and maintain a case-specific toll-free telephone number to support the Action, with live operators during business hours. Services will specifically include the following:

a.      Inbound toll-free line;

b.      Interactive-voice-response system;

c.      Live operators during business hours;

d.      Call scripts developed by our experts and approved by Class Counsel; and

e.      Detailed reporting.

### Case Website

11.      A dedicated informational case website will be developed to ensure potential Settlement Class Members have easy access to updated information. The website will provide, among other things, a summary of the Action and Settlement Class Member rights and options, relevant documents, important dates, and any pertinent updates concerning the Action.

### Form and Content of Notice

12.    A Notice and Summary Notice will be used to facilitate the notice described above. The Notice and Summary Notice provide summary information concerning the Action, including: that this is a class action; the definition of the Settlement Class in plain and engaging language; that the Settlement Class alleges violations of the RICO Act; that a Settlement Class Member may appear through an attorney if the Settlement Class Member desires; that Settlement Class Members can be excluded; the time and manner for requesting exclusion; and the binding effect of a class judgment. The notices will also include the case website address and toll-free telephone number via which Settlement Class Members can obtain additional details about the case and background information about the Action. Both notices are designed to encourage readership and understanding in a well-organized and reader-friendly format.

### Conclusion

13.    It is my opinion that the Notice Plan described herein reflects a strategic and contemporary method of deploying notice to the Settlement Class and is adequate and reasonable to reach the Settlement Class Members effectively. Through a multi-media-channel approach to notice that includes digital banner ads, a direct notice campaign targeted to TPPs, and earned media, an estimated minimum of 80% of the target audience will be reached. This Notice Plan provides a reach similar to those that courts have approved and are recommended by the *Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide*. This Notice Plan is the best practicable notice plan under the circumstances to reach potential Settlement Class Members. It is fully compliant with Rule 23 of the Federal Rules of Civil Procedure.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of August 2021.

Linda V. Young

# EXHIBIT A



**Headquarters**
600 A.B. Data Drive
Milwaukee, WI 53217
P: 866-217-4470
F: 414-961-3099

**New York**
One Battery Park Plaza
32nd Floor
New York, NY 10004
P: 646-290-9137

**Washington DC**
915 15th St., NW, Ste. 300
Washington, DC 20005
P: 202-618-2900
F: 202-462-2085

**Florida**
5080 PGA Boulevard, Ste. 209
Palm Beach Gardens, FL 33418
P: 561-336-1801
F: 561-252-7720

**Israel**
19 Weissburg Street
Tel Aviv 69358
Israel
P: +972 (3) 720-8782



# CAPABILITIES

## About A.B. Data

Founded in 1981, **A.B. Data has earned a reputation** for expertly managing the complexities of class action administration in consumer, antitrust, securities, Securities and Exchange Commission (SEC) enforcement actions, and ERISA, Attorneys General, employment, civil rights, insurance, environmental, wage and hour, and other class action cases. **A.B. Data's work in all aspects of class action administration** has been perfected by decades of experience in hundreds of class action cases involving billions of dollars in total settlements. Dedicated professionals deliver **A.B. Data's all-inclusive services,** working in partnership with its clients to administer their class action cases effectively, efficiently, and affordably, regardless of size or scope.

**A.B. Data offers unmatched resources and capacity** and is capable of expertly administering any class action notice, settlement, and/or fund administration. Whether notifying millions of class members in the United States or throughout the world, processing millions of claims, distributing payments digitally via A.B. Data's Digital PayPortal℠, or printing and distributing millions of checks, **A.B. Data matches its talent and technology** to the specific needs of its clients, delivering unparalleled service on time and on budget without ever compromising quality.

## Location, Ownership Structure

**A.B. Data is an independently owned,** 39-year-old, Milwaukee, Wisconsin-based company that prides itself on its vast expertise and industry-leading innovations. We like to remind our clients and partners that we're not just a class action administration company, but a group of experienced, dedicated professionals who believe that relationships are just as important as the accurate and timely management of class action administrations. In other words, we are people who do business with people.

## Services

Every **A.B. Data client is deserving of the best job we can put forward.** A.B. Data makes class action administration easy for our clients with clarity, convenience, and efficiency. Our priority is to navigate the intricacies of our clients' matters and deliver successful results by using our solid expertise, advanced technology, and top-quality products and services. We pay attention to the details and get it right the first time.

We aim to provide our clients the full experience of a truly collaborative working relationship. It is why we believe much of our success originates from our philosophy of "people doing business with people."



# Services

## All Digital — From Notice to Distribution

**A.B. Data is uniquely positioned to design, implement, and maintain notice** and settlement **administration programs** using an innovative, "all-digital" approach **that** replaces the more traditional and less efficient methods of administration, such as newspaper ads, mailed notices, and paper checks. Many of our recent proposed notice plans and claim programs utilize the latest technologies such as microtargeted digital ads for notice, streamlined online claims, and distributing settlement funds electronically using a digital paywall. These methods provide significant cost savings, are consistent with the amendments to Rule 23 that are now in effect, and importantly provide much-needed alignment of class action notice and administration with current consumer behaviors.

## Pre-Settlement Consultation

**The pre-settlement consultation is a collaborative session** designed to help A.B. Data clients prepare a stronger case. Our support teams simplify the task of sorting through a maze of documents during investigation and discovery, streamlining the process and preserving fund assets. From there, we assist with fully interactive media packages for court presentations and settlement negotiations. A.B. Data works closely with our clients, offering expert testimony on documents, processing, class and notice manageability, and proposed plans of allocation.

## Media Services

**A.B. Data continues to earn our reputation** as the early innovator in integrating advanced micro-targeting techniques, including contextual targeting, behavioral targeting, and predictive modeling. Coupled with inventive digital media strategies to drive claims, case-specific banner ad development, class member research, and comScore analysis services, our multi-tiered media programs are designed to cost-effectively deliver notice to potential class members and increase claims rates.

## Notice Administration

**In A.B. Data, clients have a comprehensive resource** with a depth of experience in direct notice. Our compliance and understanding of Rule 23 of the Federal Rules of Civil Procedure are crucial in meeting the "plain language" legal requirements for any campaign. From our sophisticated digital media capabilities and extensive global experience with class member research, our experts create notice documents that are easily understandable and cost-efficient to produce. We consult with our clients to deliver notice documents from multi-page, mailed, or emailed notice packets to concise postcards that establish the most influential and cost-effective means of communicating with potential claimants.



## Claims Processing

**A.B. Data continues to bring game-changing technologies** to improve the speed and precision in claims processing. Our robust system for online claims submissions allows us to meticulously verify data and documentation, preserve and authenticate claims, and calculate and verify settlement amounts. In addition, our data network infrastructure includes on-site data storage, backup, contingency plans, and security for electronic and hard copy claim filings. It is all part of a total commitment to be the most innovative and comprehensive resource in the industry. At A.B. Data, we take pride in having the in-house capacity to process millions of pages, as well as the organizational integrity to treat every claim as if it were the only one.

## Contact Center

**A.B. Data's Contact Center is comprised of a full staff** that is trained on and equipped with online and telecommunication systems to monitor and connect with class members. Associates routinely monitor class member communication for all class action administrations, including antitrust, consumer, and securities.

Utilizing monitoring software, associates watch multiple social media channels simultaneously, allowing for instantaneous routing of inquiries and interaction with claimants. Detailed and concise analytical reports outlining Contact Center activities are always provided.

Our Contact Center and case websites are capable of handling millions of class member engagements, as recently displayed in a campaign which garnered over 1.2 million website visits in two months and had more than 72,500 Facebook engagements. Facebook comments and threads are monitored and claimants are guided to the website for more information. Google AdWords and display advertising have also brought hundreds of thousands of visitors to various case websites.

A.B. Data's Contact Center also has Spanish language associates in-house and we can accommodate any language, given proper lead time. Traditional call center facilities are also available, if needed.

## Case Websites

**We offer a state-of-the-art technology platform** that supports every step of our class action administration process. Our expert marketing professionals design customized case-specific websites that provide potential class members easy access to case information, critical documents, important deadlines, as well as the capability to file claim forms and register for future mailings about the case. Claimants can use the website to elect to receive their settlement payments by mail or by one of several digital payment options, all accessible by mobile devices.

## Settlement Fund Distribution

**From complete escrow services to establishment of qualified settlement funds,** check printing and mailing, electronic cash or stock distribution and tax services, A.B. Data has always provided a full-service solution to Settlement Fund Distribution. Our IT team has decades of experience in developing and implementing fast, secure databases and claims administration systems that ensure class members receive the correct amount in their settlement disbursement. Today's digital capabilities allow even greater convenience for class members. In certain instances, claimants can now elect to instantaneously receive settlement payments through popular digital-payment options, such as PayPal, Amazon, and virtual debit cards.



## A.B. Data's Leadership

 **A.B. Data's administration team** is composed of the following key executives, who collectively have decades of experience settling and administering class actions:

**Bruce A. Arbit, Co-Managing Director** and one of the founders of the A.B. Data Group, serves as Chairman of the Board and oversees the day-to-day operations of the A.B. Data Group of companies, employing almost 400 people in the United States and Israel. Mr. Arbit is also  Chairman of the Board of Integrated Mail Industries, Ltd. and has served as a member of the Board of Directors of University National Bank and State Financial Bank. He is the past Chairman of Asset Development Group, Inc., Home Source One, and American Deposit Management and is a member of the National Direct Marketing Association, the Direct Marketing Fundraising Association, and the American Association of Political Consultants. He was named 1996 Direct Marketer of the Year by the Wisconsin Direct Marketing Association.

A.B. Data's work in class action litigation support began with the Court selecting A.B. Data to oversee the restitution effort in the now-famous Swiss Banks Class Action Case, the International Commission on Holocaust Era Insurance Claims, and every other Holocaust Era Asset Restitution program, in which it was the company's job to identify, contact, and inform survivors of the Holocaust. A.B. Data delivered by reaching out to millions of people in 109 countries who spoke more than 30 languages. Since those days, Mr. Arbit has guided the class action division through phenomenal growth and success. Today, A.B. Data manages hundreds of administrations annually that distributes billions of dollars to class members.

**Thomas R. Glenn, President,** Mr. Glenn's management of A.B. Data's Class Action Administration Company includes designing and implementing notice plans and settlement administration programs for antitrust, securities, and Securities and Exchange Commission settlements and SEC disgorgement fund distributions, as well as consumer, employment, insurance, and civil rights class actions. Mr. Glenn previously served as Executive Vice President at Rust Consulting and has more than 30 years of executive leadership experience.

**Eric Miller, Senior Vice President,** as a key member of A.B. Data's Class Action Administration Leadership Team, oversees the Case Management Department and supervises the operations and procedures of all of A.B. Data's class action administration cases. Mr. Miller is recognized in the class action administration industry as an expert on securities, SEC, consumer, product recall, product liability, general antitrust, pharmaceutical antitrust, and futures contract settlements, to name a few settlement types. Prior to joining A.B. Data, Mr. Miller served as the Client Service Director for Rust Consulting, responsible there for its securities practice area. He has more than 20 years of operations, project management, quality assurance, and training experience in the class action administration industry. In addition, Mr. Miller manages A.B. Data's office in Palm Beach Gardens, Florida.

**Ravin Raj, Vice President-Operations,** has more than 15 years of experience in class action claims management, document management, and insurance claims remediation. Mr. Raj's responsibilities for A.B. Data's Class Action Administration Company include heading the shared operations center, which includes mailroom, contact center, claims processing, quality control, and information systems operations. His areas of expertise include business process development, strategic/tactical operations

planning and implementation, risk analysis, budgeting, business expansion, growth planning and implementation, cost reduction, and profit, change, and project management. In his previous position, as Assistant Vice President-Operations at RR Donnelley India Pvt. Ltd., in Chennai, India, he led a team of more than 400 employees with the capacity to process more than 4 million claims a year, servicing several leading claims administrators. Mr. Raj managed six of the top ten securities class action settlements, by settlement value, including several multibillion-dollar settlements. His background also includes work as a Project Lead for iMarque Solutions Pvt. Ltd., Chennai, India.

**Linda V. Young, Vice President, Media**, oversees the Media Department and is responsible for the direction, development, and implementation of media notice plans for A.B. Data's clients. Ms. Young is an expert in media planning using most forms of advertising including digital, print, and broadcast. She developed some of the first Court-approved Notice Plans using an all-digital approach for cases such as *In re Vizio Consumer Privacy Litigation*, *In re Qualcomm Antitrust Litigation*, and *In re Google Inc. Street View Electronic Communications Litigation*, among others. Her ability to create notice plans that efficiently extend reach and drive class member engagement and participation has made a significant impact across many types of administrations. Ms. Young has developed and implemented national and international print, digital-, and earned-media notice plans for some of the industry's leading pharmaceutical, insurance, and securities class action cases, including Libor-based Financial Instruments Antitrust Litigation, Cipro Antitrust Cases I and II, Euribor and Euroyen-based Derivatives cases, and many more. She has more than 20 years of general market and ethnic media advertising and media planning experience, having managed advertising for brands such as Georgia-Pacific, American Express, Denny's, and Coca-Cola USA.

**Eric Schachter, Vice President**, is a member of A.B. Data's Class Action Administration Leadership Team. He has over 15 years of experience in the legal settlement administration services industry. Mr. Schachter's responsibilities include ensuring successful implementation of claims administration services for A.B. Data's clients in accordance with settlement agreements, court orders, and service agreements. He also works closely with Project Managers to develop plans of administration to provide the highest level of effective and efficient delivery of work product. A frequent speaker on claims administration innovation and best practices at industry events nationwide, Mr. Schachter has a bachelor's degree in sociology from Syracuse University, earned his law degree at Hofstra University School of Law, and was previously an associate at Labaton Sucharow LLP in New York City.

**Paul Sauberer, Director of Quality Assurance**, is responsible for overseeing quality assurance and process management, working diligently to mitigate risk, ensure exceptional quality control, and develop seamless calculation programming. Mr. Sauberer brings more than 20 years of experience as a quality assurance specialist with a leading claims-processing company where he developed extensive knowledge in securities class action administration. He is recognized as the class action administration industry's leading expert on claims and settlement administrations of futures contracts class actions.

**Justin Parks, Vice President**, provides expertise in legal marketing strategies and brings extensive experience in client relations to A.B. Data's business development team. Previously, Mr. Parks served the legal industry as part of the marketing group at a major class action administration firm where he successfully managed and consulted on notice plans and other administrative aspects in hundreds of cases with an estimated value of several hundred million dollars in settlement funds distributed to class members, including some of the largest Employment settlements in history. Mr. Parks is uniquely experienced in Data Privacy matters, having consulted with clients on numerous matters stemming from data breaches as well as violations of the Illinois Biometric Information Privacy Act (BIPA), several of which resulted in the first ever Biometric Privacy related settlements in history. Mr. Parks' knowledge and understanding of the class action industry, as well as his client relationship skills, expand A.B. Data's capacity to achieve its business development and marketing goals effectively.

**Camron Assadi, Vice President, Digital Marketing**, has more than 20 years of experience in digital marketing leadership, which includes directing and overseeing all aspects of the company's digital notice plans and campaigns across multiple networks and platforms. Mr. Assadi is an expert in online advertising and social media campaigns including Facebook, Google Ads, LinkedIn, Twitter, Amazon, Pinterest, Verizon Media, and others. He holds certifications in Google Ads Display and Search, and is a Facebook Certified Digital Marketing Associate. His ability to create and optimize business opportunities, extend brand reach, and capture the interest and support of local and international audiences has proven him an invaluable leader of A.B. Data's effort to maximize and streamline class member notice and engagement. Mr. Assadi has managed the notice plans for cases that have garnered millions of unique visitors and social media interactions. He holds a BS in Psychology from the University of Utah.

**Adam Walter, PMP, Senior Project Manager**, has nearly fifteen years of experience managing the administration of securities class action settlements and SEC disgorgements totaling more than $4 billion. He has managed settlement programs in engagements involving some of the largest securities class action settlements and is a key contributor to the development of administration strategies that meet the evolving needs of our clients. His responsibilities include developing case administration strategies to ensure that all client and court requirements and objectives are met, overseeing daily operations of case administrations, ensuring execution of client deliverables, providing case-related legal and administration support to class counsel, overseeing notice dissemination programs, implementing complex claims-processing and allocation methodologies, establishing quality assurance and quality control procedures, and managing distribution of settlement funds. Mr. Walter holds a bachelor's degree in business administration from Florida Atlantic University, Boca Raton, Florida. He also has been an active member of the Project Management Institute since 2010 and is PMP®-certified.

**Steve Straub, Senior Project Manager**, joined A.B. Data in February 2012. As a Senior Project Manager, his responsibilities include developing case administration strategies, overseeing daily operations of case administrations, ensuring execution of client deliverables, providing case-related legal and administration support to case counsel, overseeing notice dissemination programs, implementing complex claims processing and allocation methodologies, establishing quality assurance and quality control procedures, and managing distribution of settlement funds. Mr. Straub's experience in administering class action settlements includes securities, consumer, and antitrust settlements, with a primary focus on antitrust cases. He holds a Juris Doctor degree from Seton Hall University School of Law, Newark, New Jersey.

**Patty Nogalski, Project Manager**, is a veteran in the equity and securities industry and now contributes her talents to A.B. Data as a Project Manager specializing in class action administrations for securities litigation. Ms. Nogalski brings to A.B. Data many new ideas, methods, and technologies to achieve project efficiency and organizational integration. For much of her twenty-year career, she served as Vice President Equity Trading for BMO Global Asset Management Corporation where she managed equity trading for mutual funds and institutional accounts. She works closely with Eric Miller and the project management team to deliver strategies that meet the unique needs of securities and commodities settlements. Ms. Nogalski attended the University of Wisconsin-Milwaukee where she earned her Bachelor of Arts in Communications, and has also obtained her Financial Industry Regulatory Authority (FINRA) Series 7, Series 63, and Series 65 licenses.

**Eric Schultz, MCSE, Information Technology Manager and Security Team Chairperson**, has been with A.B. Data for more than 19 years, and is currently responsible for overseeing all information technology areas for all A.B. Data divisions across the United States and abroad, including network infrastructure and architecture, IT operations, data security, disaster recovery, and all physical, logical, data, and information systems security reviews and audits required by our clients or otherwise. As a Microsoft Certified Systems Engineer (MCSE) with more than 25 years of experience in information technology systems and solutions, Mr. Schultz has developed specializations in network security, infrastructure, design/architecture, telephony, and high-availability network systems.



## Secure Environment



**A.B. Data's facilities provide the highest level of security** and customization of security procedures, including:

- A Secure Sockets Layer server
- Video monitoring
- Limited physical access to production facilities
- Lockdown mode when checks are printed
- Background checks of key employees completed prior to hire
- Frequency of police patrol – every two hours, with response time of five or fewer minutes
- Disaster recovery plan available upon request

## Data Security

**A.B. Data is committed to protecting the confidentiality, integrity, and availability of personal identifying information** and other information it collects from our clients, investors, and class members and requires that its employees, subcontractors, consultants, service providers, and other persons and entities it retains to assist in distributions do the same. A.B. Data has developed an Information Security Policy, a suite of policies and procedures intended to cover all information security issues and bases for A.B. Data, and all of its divisions, departments, employees, vendors, and clients. A.B. Data has also recently taken the necessary, affirmative steps toward compliance with the EU's General Data Protection Regulation and the California Consumer Privacy Act.

A.B. Data has a number of high-profile clients, including the Securities and Exchange Commission (SEC), the United States Department of Justice, the Attorneys General of nearly all 50 states, other agencies of the United States government, and the Government of Israel, as well as direct banking and payment services companies with some of the most recognized brands in United States financial services and some of the largest credit card issuers in the world.

We are therefore frequently subjected to physical, logical, data, and information systems security reviews and audits. We have been compliant with our clients' security standards and have also been determined to be compliant with ISO/IEC 27001/2 and Payment Card Industry (PCI) data-security standards, the Gramm-Leach-Bliley Act (GLB) of 1999, the National Association of Insurance Commissioners (NAIC) Regulations, the Health Insurance Portability and Accountability Act (HIPAA) of 1996, and the Health Information Technology for Economic and Clinical Health Act (HITECH).

The Government of Israel has determined that A.B. Data is compliant with its rigorous security standards in connection with its work on Project HEART (Holocaust Era Asset Restitution Taskforce).

A.B. Data's fund distribution team has been audited by EisnerAmper LLP and was found compliant with class action industry standards and within 99% accuracy. EisnerAmper LLP is a full-service advisory and accounting firm and is ranked the 15th-largest accounting firm in the United States.

In addition, as part of PCI compliance requirements, A.B. Data has multiple network scans and audits from third-party companies, such as SecurityMetrics and 403 Labs, and is determined to be compliant with each of them.

## Fraud Prevention and Detection



**A.B. Data is at the forefront of class action fraud prevention.**

A.B. Data maintains and utilizes comprehensive proprietary databases and procedures to detect fraud and prevent payment of allegedly fraudulent claims.

We review and analyze various filing patterns across all existing cases and claims. Potential fraudulent filers are reported to our clients as well as to the appropriate governmental agencies where applicable.

## Representative Class Action Engagements

**A.B. Data and/or its team members have successfully administered** hundreds of class actions, including many major cases. Listed below are just some of the most representative or recent engagements.

### Consumer & Antitrust Cases

- *Phil Shin, et al. v. Plantronics, Inc.*
- *In re: Qualcomm Antitrust Litigation*
- *In re Resistors Antitrust Litigation*
- *The Hospital Authority of Metropolitan Government of Nashville and Davidson County, Tennessee v. Momenta Pharmaceuticals, Inc. and Sandoz Inc.* ("Lovenox Antitrust Matter")
- *William Kivett, et al. v. Flagstar Bank, FSB, and DOES 1-100, inclusive*
- *Adelphia, Inc. v. Heritage-Crystal Clean, Inc.*
- *LLE One, LLC, et al. v. Facebook, Inc.*
- *Bach Enterprises, Inc., et al. v. Advanced Disposal Services South, Inc., et al.*
- *JWG Inc., et al. v. Advanced Disposal Services Jacksonville, L.L.C., et al.*
- *State of Washington v. Motel 6 Operating L.P. and G6 Hospitality LLC*
- *In re GSE Bonds Antitrust Litigation*
- *Wave Lengths Hair Salons of Florida, Inc., et al. v. CBL & Associates Properties, Inc., et al.*
- *In re Loestrin 24 FE Antitrust Litigation*
- *Office of the Attorney General, Department of Legal Affairs, State of Florida v. Pultegroup, Inc. and Pulte Home Company, LLC*
- *In re Cigna-American Specialties Health Administration Fee Litigation*
- *In re: Intuniv Antitrust Litigation*
- *High Street, et al. v. Cigna Corporation, et al.*
- *Gordon Fair, et al. v. The Archdiocese of San Francisco, San Mateo, and Marin County*



- *Bizzarro, et al. v. Ocean County Department of Corrections, et al.*
- *Meeker, et al. v. Bullseye Glass Co.*
- *MSPA Claims 1, LLC v. Ocean Harbor Casualty Insurance Company*
- *Tennille v. Western Union Company - Arizona*
- *Garner, et al. v. Atherotech Holdings, Inc. and Garner, et al. v. Behrman Brothers IV, LLC, et al.*
- *Robinson, et al. v. Escallate, LLC*
- *Josefina Valle and Wilfredo Valle, et al. v. Popular Community Bank f/k/a Banco Popular North America*
- *Vision Construction Ent., Inc. v. Waste Pro USA, Inc. and Waste Pro USA, Inc. and Waste Pro of Florida, Inc.*
- *Plumley v. Erickson Retirement Communities, et al.*
- *In re London Silver Fixing, Ltd. Antitrust Litigation*
- *In re EpiPen Marketing, Sales Practices and Antitrust Litigation*
- *Ploss v. Kraft Foods Group, Inc. and Mondelēz Global LLC*
- *In re Mexican Government Bonds Antitrust Litigation*
- *In re Ready-Mixed Concrete Antitrust Litigation*
- *In re: Marine Hose Antitrust Litigation*
- *Iowa Ready Mixed Concrete Antitrust Litigation*
- *In re Potash Antitrust Litigation (II)*
- *In re Evanston Northwestern Healthcare Corp. Antitrust Litigation*
- *In re Polyurethane Foam Antitrust Litigation*
- *In re LIBOR-Based Financial Instruments Antitrust Litigation*
- *In re Lorazepam and Clorazepate Antitrust Litigation*
- *In re Cardizem CD Antitrust Litigation*
- *Vista Healthplan, Inc., and Ramona Sakiestewa v. Bristol-Myers Squibb Co., and American BioScience, Inc.*
- *In re Lupron Marketing and Sales Practices Litigation*
- *In re Terazosin Hydrochloride Antitrust Litigation*
- *In re Warfarin Sodium Antitrust Litigation*
- *Rosemarie Ryan House, et al. v. GlaxoSmithKline PLC and SmithKline Beecham Corporation*
- *Carpenters and Joiners Welfare Fund, et al. v. SmithKline Beecham*
- *New Mexico United Food and Commercial Workers Union's and Employers' Health and Welfare Trust Fund, et al. v. Purdue Pharma L.P.*
- *In Re Pharmaceutical Industry Average Wholesale Price Litigation*
- *Alma Simonet, et al. v. SmithKline Beecham Corporation, d/b/a GlaxoSmithKline*
- *In re Relafen Antitrust Litigation*
- *In Re Remeron Direct Purchaser Antitrust Litigation*
- *In re TriCor Indirect Purchasers Antitrust Litigation*
- *Nichols, et al., v. SmithKline Beecham Corporation*
- *In re: DDAVP Indirect Purchaser Antitrust Litigation*

## Securities Cases

- *Laydon v. Mizuho Bank, Ltd., et al.*
- *Lomingkit, et al. v. Apollo Education Group, Inc., et al.*
- *In re Caraco Pharmaceutical Laboratories, Ltd. Shareholder Litigation*
- *Norfolk County Retirement System, et al. v. Community Health Systems, Inc., et al.*
- *Chester County Employees' Retirement Fund v. KCG Holdings, Inc., et al.*
- *Oklahoma Law Enforcement Retirement System, et al. v. Adeptus Health Inc., et al.*
- *Di Donato v. Insys Therapeutics, Inc., et al.*
- *Lundgren-Wiedinmyer, et al. v. LJM Partners, Ltd, et al.*

- *Martin, et al. v. Altisource Residential Corporation, et al.*
- *Stephen Appel, et al. v. Apollo Management, et al.*
- *In re Medley Capital Corporation Stockholder Litigation*
- *Forman, et al. v. Meridian BioScience, Inc., et al.*
- *Public Employees' Retirement System of Mississippi, et al. v. Endo International PLC, et al.*
- *In Re Flowers Foods, Inc. Securities Litigation*
- *Jiangchen, et al. v. Rentech, Inc., et al.*
- *In re Liberty Tax, Inc. Stockholder Litigation*
- *In re RH, Inc. Securities Litigation*
- *Lazan v. Quantum Corporation, et al.*
- *Nabhan v. Quantum Corporation, et al.*
- *Edmund Murphy III, et al. v. JBS S.A.*
- *Public Employees' Retirement System of Mississippi, et al. v. Sprouts Farmers Market, Inc., et al.*
- *In re Starz Stockholder Litigation*
- *Judith Godinez, et al. v. Alere Inc., et al.*
- *Rahman and Giovagnoli, et al. v. GlobalSCAPE, Inc., et al.*
- *Arthur Kaye, et al. v. ImmunoCellular Therapeutics, Ltd., et al.*
- *In re CPI Card Group Inc. Securities Litigation*
- *Daniel Aude, et al. v. Kobe Steel, Ltd., et al.*
- *In re Quality Systems, Inc. Securities Litigation*
- *Cooper, et al. v. Thoratec Corporation, et al.*
- *Washtenaw County Employees' Retirement System, et al. v. Walgreen Co., et al.*
- *Elkin v. Walter Investment Management Corp., et al.*
- *In Re CytRx Corporation Securities Litigation*
- *Ranjit Singh, et al. v. 21Vianet Group, Inc., et al.*
- *In re PTC Therapeutics, Inc. Securities Litigation*
- *Securities and Exchange Commission v. Mark A. Jones*
- *In re Sequans Communications S.A. Securities Litigation*
- *In re Henry Schein, Inc. Securities Litigation*
- *Ronge, et al. v. Camping World Holdings, Inc., et al.*
- *Oklahoma Firefighters Pension & Retirement System v. Lexmark International, Inc.*
- *Christakis Vrakas, et al. v. United States Steel Corporation, et al.*
- *Emerson et al. v. Mutual Fund Series Trust, et al. ("Catalyst")*
- *In re Fannie Mae 2008 Securities Litigation*
- *In re Anadarko Petroleum Corporation Class Action Litigation*
- *Ge Dandong, et al., v. Pinnacle Performance Limited, et al.*
- *In Re: Rough Rice Commodity Litigation*
- *Xuechen Yang v. Focus Media Holding Limited et al.*
- *In re Massey Energy Co. Securities Litigation*
- *In re Swisher Hygiene, Inc.*
- *The City of Providence vs. Aeropostale, Inc., et al.*
- *In re Metrologic Instruments, Inc. Shareholders Litigation*
- *Public Pension Fund Group v. KV Pharmaceutical Company et al.*
- *Pension Trust Fund for Operating Engineers, et al. v. Assisted Living Concepts, Inc., et al.*
- *In re Lehman Brothers Equity/Debt Securities Litigation*
- *In re: Platinum and Palladium Commodities Litigation (Platinum/Palladium Physical Action)*
- *In re: Platinum and Palladium Commodities Litigation (Platinum/Palladium Futures Action)*
- *In re General Electric Co. Securities Litigation*
- *In re CNX Gas Corporation Shareholders Litigation*
- *Oscar S. Wyatt, Jr. et al. v. El Paso Corporation, et al.*
- *In re Par Pharmaceutical Securities Litigation*



- *In re Par Pharmaceutical Companies, Inc. Shareholders Litigation*
- *In re Delphi Financial Group Shareholders Litigation*
- *In re SLM Corporation Securities Litigation*
- *In re Del Monte Foods Company Shareholder Litigation*
- *Leslie Niederklein v. PCS Edventures!.com, Inc. and Anthony A. Maher*
- *In re Beckman Coulter, Inc. Securities Litigation*
- *Michael Rubin v. MF Global, Ltd., et al.*
- *Allen Zametkin v. Fidelity Management & Research Company, et al.*
- *In re BP Prudhoe Bay Royalty Trust Securities Litigation*
- *Police and Fire Retirement System of the City of Detroit et al. v. SafeNet, Inc., et al.*
- *In re Limelight Networks, Inc. Securities Litigation*
- *In re Gilead Sciences Securities Litigation*
- *In re ACS Shareholder Litigation, Consolidated C.A. No. 4940-VCP*
- *Lance Provo v. China Organic Agriculture, Inc., et al.*
- *In re LDK Solar Securities Litigation*

## Labor & Employment Cases

- *Eisenman v. The Ayco Company L.P.*
- *Matheson v. TD Bank, N.A.*
- *Simon v. R.W. Express LLC, d/b/a Go Airlink NYC*
- *Perez v. Mexican Hospitality Operator LLC, d/b/a Cosme*
- *Shanahan v. KeyBank, N.A.*
- *Loftin v. SunTrust Bank*
- *Alvarez v. GEO Secure Services, LLC*
- *Weisgarber v. North American Dental Group, LLC*
- *Talisa Borders, et al. v. Wal-mart Stores, Inc.*
- *Reale v. McClain Sonics Inc., et al.*
- *Larita Finisterre and Songhai Woodard, et al. v. Global Contact Services, LLC*
- *Adebisi Bello v. The Parc at Joliet*
- *Garcia, et al. v. Vertical Screen, Inc.*
- *Brook Lemma and Matthieu Hubert, et al. v. 103W77 Partners LLC, et al. ("Dovetail Settlement")*
- *American Federation of Government Employees, Local 1145 v. Federal Bureau of Prisons, U.S. Penitentiary, Atlanta, Georgia*
- *Lisa Ferguson, Octavia Brown, et al. v. Matthew G. Whitaker, Acting AG, DOJ Bureau of Prisons ("USP Victorville")*
- *American Federation of Government Employees, Local 2001 v. Federal Bureau of Prisons, Federal Correctional Institution, Fort Dix, New Jersey*
- *American Federation of Government Employees, Local 506 v. U.S. Department of Justice, Federal Bureau of Prisons, U.S. Penitentiary Coleman II, Coleman, Florida*
- *Vargas v. Sterling Engineering*
- *Rosenbohm v. Verizon*
- *Alex Morgan, et al. v. United States Soccer Federation, Inc.*
- *Iskander Rasulev v. Good Care Agency, Inc.*
- *Kyndl Buzas, et al., v. Phillips 66 Company and DOES 1 through 10*
- *American Federation of Government Employees, Local 408 v. U.S. Dept. of Justice, Federal Bureau of Prisons, Federal Correctional Complex, Butner, NC*
- *In re 2014 Avon Products, Inc. ERISA Litigation*
- *In re Eastman Kodak ERISA Litigation*
- *Taronica White, et al. v. Attorney General Loretta Lynch, Department of Justice*
- *Lisa Ferguson, et al. v. Acting Attorney General Matthew Whitaker, Department of Justice*



- *Melissa Compere v. Nusret Miami, LLC, et al.*
- *Abelar v. American Residential Services, L.L.C., Central District of California*
- *Flores, et al. v. Eagle Diner Corp., et al., Eastern District of Pennsylvania*
- *Michael Furman v. Godiva Chocolatier, Inc., 15th Judicial Circuit, Palm Beach County, Florida*
- *Finisterre et. al v. Global Contact Services, LLC, New York State Supreme Court, Kings County*
- *McGuire v. Intelident Solutions, LLC, et al., Middle District of Florida, Tampa Division*
- *Duran De Rodriguez, et al. v. Five Star Home Health Care Agency, Inc. et al., Eastern District of New York*

### Data Breach/BIPA Cases

- *The State of Indiana v. Equifax Data Breach Settlement*
- *In re: Vizio, Inc. Consumer Privacy Litigation*
- *In re: Google, Inc. Street View Electronic Communications Litigation*
- *Devin Briggs and Bobby Watson, et al. v. Rhinoag, Inc. ("Briggs Biometric Settlement")*
- *Trost v. Pretium Packaging L.L.C.*

### Telephone Consumer Protection Act (TCPA) Cases

- *Lowe and Kaiser, et al. v. CVS Pharmacy, Inc., et al.*
- *Johansen v. HomeAdvisor, Inc., et al.*
- *Charvat, et al. v. National Holdings Corporation*
- *Hopkins, et al. v. Modernize, Inc.*
- *Diana Mey vs. Frontier Communications Corporation*
- *Matthew Donaca v. Dish Network, L.L.C.*
- *Matthew Benzion and Theodore Glaser v. Vivint, Inc.*
- *John Lofton v. Verizon Wireless (VAW) LLC, et al.*
- *Lori Shamblin v. Obama for America et al.*
- *Ellman v. Security Networks*

## For More Information

For more detailed information regarding A.B. Data's experience, services, or personnel, please see our website at **www.abdataclassaction.com**

# EXHIBIT B

# LINDA V. YOUNG

Linda.Young@abdata.com

## EXPERIENCE

### A.B. Data, Ltd., Milwaukee, WI

Vice President, Media

Lead the A.B. Data Class Action Administration media team in research, development, and implementation of media notice plans for settlements and other class action administrations. Cases include the following:

### Antitrust/Commodities Cases

- *Hospital Authority of Metropolitan Government of Nashville and Davidson County, Tennessee v. Momenta Pharmaceuticals, Inc. et al.,* (Case No. 3:15-cv-01100) (M.D. Tenn.);

- *Laydon v. Mizuho Bank, Ltd., et al.,* No. 12-CV-3419 (GBD) and *Sonterra Capital Master Fund Ltd., et al. v. UBS AG, et al.,* No. 15-CV-5844 (GBD), United States District Court, Southern District of New York*;*

- *Sullivan v. Barclays plc et al.,* No. 13-cv-028111 (PKC), United States District Court, Southern District of New York*;*

- *In re Loestrin 24 FE Antitrust Litigation,* Case No. MDL 2472, United States District Court, District of Rhode Island;

- *In re Resistors Antitrust Litigation* No. 3:15-cv-03820-JD, United States District Court, Northern District of California, San Francisco Division;

- *In re Qualcomm Antitrust Litigation,* No. 17-md-02773-LHK, United States District Court, Northern District of California, San Jose Division;

1

- *State of Washington v. LG Electronics, Inc., et al.,* No. 12-2-15842-8 SEA, State of Washington, King County Superior Court;

- *The State of New York, et al. v. Cephalon, Inc., et al.,* No. 16-cv-4234-MSG, United States District Court, Eastern District of Pennsylvania;

- *In re Liquid Aluminum Sulfate Antitrust Litigation,* No. 16-md-2687 (JLL) (JAD), United States District Court, District of New Jersey;

- *In re Aggrenox Antitrust Litigation,* No. 3:14-md-02516 (SRU), United States District Court, District of Connecticut;

- *In re Solodyn (Minocycline Hydrochloride) Antitrust Litigation (All End-Payor Actions),* MDL No. 14-MD-2503-DJC, United States District Court, District of Massachusetts;

- *In re Capacitors Antitrust Litigations: All Indirect Purchaser Actions,* No. 14-CV-03264-JD, United States District Court, Northern District of California;

- *In re Polyurethane Foam Antitrust Litigation,* MDL Docket No. 2196, United States District Court, Northern District of Ohio;

- *In re Medco Health Solutions, Inc., Pharmacy Benefits Management Litigation,* MDL No. 1508, United States District Court, Southern District of New York;

- *In re Warfarin Sodium Antitrust Litigation*, MDL No. 98-1232 (SLR), United States District Court, District of Delaware;

- *Blevins v. Wyeth-Ayerst Laboratories, Inc. and American Home Products Corp.,* No. 324380, Superior Court of California, County of San Francisco;

- *In re Terazosin Hydrochloride Antitrust Litigation,* 99-MDL-1317, United States District Court, Southern District of Florida;

- *In re Cardizem CD Antitrust Litigation,* 99-MD-1278, United States District Court, Eastern District of Michigan;

- *In re High Pressure Laminate Antitrust Litigation*, Civil Action No. 00C-1989 and Related Cases, Second Circuit Court for Davidson County, Tennessee, 20th Judicial District at Nashville;

- *In re Pennsylvania Baycol Third-Party Payor Litigation*, September Term, 2001 No. 001874, Court of Common Pleas, Philadelphia County, South Carolina;

- *In re Remeron End-Payor Antitrust Litigation*, Master File No. 02-CV-2007 (FSH), United States District Court, District of New Jersey;

- *In re Relafen Antitrust Litigation,* 01-12239-WGY, United States District Court, District of Massachusetts;

- *In re Buspirone Antitrust,* 01-MD-01413, United States District Court, Southern District of New York;

- *Rosemarie Ryan House, et al. v. GlaxoSmithKline PLC and SmithKline Beecham Corporation,* No. 2:02cv442, United States District Court, Eastern District of Virginia;

- *Cipro Cases I and II*, Judicial Council Coordination Proceedings Nos. 4154 and 4220, Superior Court of the State of California, County of San Diego;

- *In re Potash Antitrust Litigation (II),* No. 1:08-CV-6910, United States District Court, Northern District of Illinois;

- *In re Optiver Commodities Litigation,* No. 1:08-CV-06842-LAP, United States District Court, Southern District of New York;

- *In re: Rough Rice Commodity Litigation,* No. 11-CV-00618, United States District Court, Northern District of Illinois;

- *In re Platinum and Palladium Commodities Litigation (Platinum/Palladium Futures Action),* 10-CV-3617 (WHP) ("Futures Action"), United States District Court, Southern District of New York;

- *In re Platinum and Palladium Commodities Litigation (Platinum/Palladium Physical Action),* 10-CV-3617 (WHP) ("Physical Action"), United States District Court, Southern District of New York;

- *Kamakahi and Levy v. American Society for Reproductive Medicine and Society for Assisted Reproductive Technology,* No. 3:11-CV-1781 JCS, United States District Court, Northern District of California;

- *Mahoney v. Endo Health Solutions, Inc., et al.,* No. 15-CV-9841 (DLC), United States District Court, Southern District of New York;

- *In re London Silver Fixing, Ltd. Antitrust Litigation,* Case No. 14-MD-02573-VEC, 14-MC-02573-VEC, United States District Court, Southern District of New York;

- *In re GSE Bonds Antitrust Litigation,* Case No. 1:19-cv-01704 (JSR), United States District Court, Southern District of New York;

- *The Hospital Authority of Metropolitan Government of Nashville and Davidson County, Tennessee, d/b/a Nashville General Hospital and American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan, v. Momenta Pharmaceuticals, Inc. and Sandoz Inc.,* Case No. 3:15-cv-01100, United States District Court Middle District of Tennessee, Nashville Division;

- *In re Libor-Based Financial Instruments Antitrust Litigation, Metzler Investment GmbH, et al., v. Credit Suisse Group AG, et al.* Master File No. 11-md-2262 (NRB) Case No. Civ. 2613 (Exchange-Based Action), United States District Court Southern District of New York;

4

- *Laydon v. Mizuho Bank, Ltd., et al.,* No. 12-CV-3419 (GBD) and *Sonterra Capital Master Fund Ltd., et al. v. UBS AG, et al.* No. 15-CV-5844 (GBD), United States District Court, Southern District of New York;

- *Sullivan v. Barclays plc et al.,* No. 13-cv-028111 (PKC), United States District Court, Southern District of New York;

- *In re: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation,* MDL No: 2785 Case No. 17-md-2785-DDC-TJJ, In the United States District Court for the District of Kansas

**Securities Cases**

- *Elkin v. Walter Investment Management Corp.,* No. 2:17-cv-02025-JCJ, United States District Court, Eastern District of Pennsylvania;

- *In re Flowers Foods, Inc. Securities Litigation,* No. 7:16-CV-00222 (WLS), United States District Court, Middle District of Georgia, Valdosta Division;

- *Steven Lazan v. Quantum Corporation, et. al.,* No. 3.18-cv-00923-RS, United States District Court, Northern District of California;

- *Cheng Jiangchen, Individually and on Behalf of All Others Similarly Situated v. Rentech, Inc., Keith B. Forman, and Jeffrey Spain,* No. 2.17-cv-01490-GW-FFM, United States District Court, Central District of California;

- *In re Medley Capital Stockholder Litigation,* No. 2019-0100-KSJM, The Court of Chancery of the State of Delaware;

- *Judith Godinez, Individually and on Behalf of All Others Similarly Situated v. Alere, Inc., et. al.,* No. 1.16-cv-10766-PBS, United States District Court, District of Massachusetts;

- *Edmund Murphy III, Individually and on Behalf of All Others Similarly Situated v. JBS S.A.,* No. 1.17-cv-03084-ILG-RER, United States District Court, Eastern District of New York;

5

- *In re Starz Stockholder Litigation,* No. 12584-VCG, The Court of Chancery of the State of Delaware;

- *In re Quality Systems, Inc. Securities Litigation,* No. 8:13-cv-01818-CJC-JPR, United States District Court, Central District of California, Southern Division;

- *In re PTC Therapeutics, Inc. Securities Litigation,* No. 16-1224 (KM)(MAH), United States District Court, District of New Jersey;

- *Aude, et al., v. Kobe Steel, Ltd., et al.,* No. 17-CV-10085-VSB, United States District Court, Southern District of New York;

- *Rahman v. GlobalSCAPE, Inc., et al.,* No. 5:17-cv-00753-XR, United States District Court, Western District of Texas;

- *In re CytRx Corporation Securities Litigation,* No. 2:16-CV-05519-SJO-SK, United States District Court, Central District of California;

- *In re CPI Card Group Inc. Securities Litigation,* No. 16-cv-04531 (LAK), United States District Court, Southern District of New York;

- *Singh v. 21Vianet Group, Inc.,* No. 2:14-cv-00894-JRG-RSP, United States District Court, Eastern District of Texas, Marshall Division;

- *Kasper v. AAC Holdings, Inc., et al.,* No. 3:15-CV-00923-JPM, United States District Court, Middle District of Tennessee, Nashville Division;

- *In re Facebook, Inc. IPO Securities and Derivative Litigation,* MDL No. 12-2389, United States District Court, Southern District of New York;

- *GFI Group, Inc. Securities Litigation,* No. 1:14-CV-09438 WHP, United States District Court, Southern District of New York;

6

- *In re Juno Therapeutics Inc.,* No. C16-1069 RSM, United States District Court, Western District of Washington at Seattle*;*

- *Zacharia v. Straight Path Communications, Inc. et al.,* Case No. 2:15-CV-08051-JMV-MF, United States District Court, District of New Jersey;

- *In re DFC Global Corp. Securities Litigation*, Civ. A. No. 2:13-CV-06731-BMS, United States District Court, Eastern District of Pennsylvania*;*

- *In re Berkshire Realty Company, Inc. Shareholder Litigation,* C.A. No. 17242, Court of Chancery, State of Delaware in and for New Castle County*;*

- *Lipson, et al. v. Simon et al.,* 98-CV-4573 (TCP), United States District Court, Eastern District of New York*;*

- *In re Service Corporation International*, Civil Action H-99-280, United States District Court, Southern District of Texas*;*

- *Hicks v. Morgan Stanley & Co.,* 01 Civ. 10071 (RJH), United States District Court, Southern District of New York*;*

- *High Tide Harry's, Inc. v. Waste Management Inc. of Florida,* 05-CA-009441, 9th Judicial Circuit, State of Florida*;*

- *In re Campbell Soup Co. Securities Litigation,* 00-152-JEI, United States District Court, District of New Jersey;

- *Abrams v. Van Kampen Funds, Inc.* 01-C-7538, United States District Court, Northern District of Illinois*;*

- *In re Seitel, Inc. Securities Litigation,* No. 02-1566, United States District Court, Southern District of Texas*;*

7

- *Stevelman v. Alias Research, Inc.,* 591-CV-00682 (EBB), United States District Court, District of Connecticut;

- *In re Phoenix Leasing Limited Partnership Litigation,* No. 173739, Superior Court of the State of California, County of Marin;

- *In re Nuko Information Systems, Inc.,* C-97-20471 EAI, United States District Court, Northern District of California;

- *In re PriceSmart Securities Litigation,* Master File No. 03-CV-2260-JAH- (BLM), United States District Court, Southern District of California;

- *In re General Electric Co. Securities Litigation,* Civ. No. 09-CIV-1951 (DLC) ECF CASE, United States District Court, Southern District of New York;

- *In re PAR Pharmaceutical Securities Litigation,* Master File No. 2:06-03226 (ES) (SCM), United States District Court, District of New Jersey;

- *In re ING Groep, N.V. ERISA Litigation,* Master File No. 1:09-CV-00400-JEC, United States District Court, Northern District of Georgia;

- *In re Massey Energy Co. Securities Litigation,* Civil Action No. 5:10-CV-00689-ICB, United States District Court, Southern District of West Virginia;

- *In re Fannie Mae 2008 Securities Litigation,* No. 08-CV-7831, United States District Court, Southern District of New York;

- *In re 2014 Avon Products, Inc. ERISA Litigation,* Case No. 1:14-cv-10083, United States District Court, Southern District of New York;

- *In re BioScrip, Inc. Securities Litigation,* Civil Action No. 13-CV-6922-AJN, United States District Court, Southern District of New York;

8

- *In re BP plc Securities Litigation,* No. 4:10-MD-02185, United States District Court, Southern District of Texas;

- *The Department of the Treasury of the State of New Jersey and Its Division of Investment v. Cliffs Natural Resources Inc., et al.,* No. 1:14-CV-1031, United States District Court, Northern District of Ohio;

- *In re Eastman Kodak ERISA Litigation,* Master File No. 6:12-CV-06051 DGL, United States District Court, Western District of New York;

- *In re NII Holdings, Inc. Securities Litigation,* Civ. No. 1:14-CV-00227-LMB-JFA, United States District Court, Eastern District of Virginia;

- *In re Nu Skin Enterprises, Inc., Securities Litigation,* Master File No. 2:14-CV-00033-JNP-BCW, United States District Court, District of Utah;

- *Första AP-Fonden and Danske Invest Management A/S v. St. Jude Medical, Inc., et al.,* Civil No. 12-3070 (JNE/HB), United States District Court, District of Minnesota;

- *In re TIBCO Software Inc. Stockholders Litigation,* Consolidated C.A. No. 10319-CB, Court of Chancery, State of Delaware;

- *In re Brightview Holdings, Inc. Securities Litigation,* Consolidated Civil Action Case No. 2019-07222, Court of Common Pleas of Montgomery County, Pennsylvania;

- *David Ronge, Individually and on Behalf of All Others Similarly Situated, v. Camping World Holdings, Inc., et al.,* Consolidated C.A. Case No. 1:18-cv-07030, United States District Court, Northern District of Illinois, Eastern Division;

- *In re Caraco Pharmaceutical Laboratories, Ltd. Shareholder Litigation,* Consolidated Case No. 10-014311-CB, State of Michigan, in the Circuit Court for the County of Wayne;

9

- *Yellow Dog Partners, LP, Individually and on Behalf of All Others Similarly Situated, vs. Curo Group Holdings Corp., et al.,* C.A. Civil Action No. 2:18-cv-02662-JWL-KGG, United States District Court, District of Kansas, Kansas City;

- *Vancouver Alumni Asset Holdings Inc., Individually and on Behalf of All Others Similarly Situated, v. Daimler AG, Dieter Zetsche, Bodo Uebber, and Thomas Weber,* Master Case No. 16-cv-02942-DSF-KS, *Maria Munro, Individually and on Behalf of All Others Similarly Situated, v.Daimler AG, Dieter Zetsche, Bodo Uebber, and Thomas Weber* Case No. 16-cv-03412-DSF-KS, United States District Court, Central District of California;

- *Jennifer Tung, Individually and on Behalf of all Others Similarly Situated, v. Dycom Industries, Inc., Steven E. Nielsen and Andrew Deferrari,* Case No: 18-cv-81448-SINGHAL, United States District Court Southern District of Florida;

- *In re Henry Schein, Inc. Securities Litigation,* Master File No. 1:18-cv-01428-MKB-VMS, United States District Court, Eastern District of New York;

- *In re Impinj, Inc. Securities Litigation,* C.A. No. 3:18-cv-05704-RSL, United States District Court, Western District of Washington at Seattle;

- *Richard Di Donato, Individually and On Behalf of All Others Similarly Situated, v. Insys Therapeutics, Inc.; et al.,* Class Action No. CV-16-00302-PHX-NVW, United States District Court, for the District of Arizona;

- *Oklahoma Firefighters Pension and Retirement System, Individually and on Behalf of All Others Similarly Situated, v. Lexmark International, Inc., Paul A. Rooke, David Reeder and Gary Stromquist,* Class Action, Civil Action No. 1:17-cv-05543-WHP, United States District Court, Southern District of New York;

- *In re Netshoes Securities Litigation,* Index No. 157435 / 2018, Supreme Court of the State of New York, New York County;

- *In re Sequans Communications S.A. Securities Litigation,* Class Action, Case No. 1:17-cv04665-FB-SJB, United States District Court, Eastern District of New York;

- *Spectrum Brands Holdings, Inc., David M. Maura, Joseph S. Steinberg, George C. Nicholson, Curtis Glovier, Frank Iannna, Gerald Luterman, Andrew A. McKnight, Andrew Whittaker and HRG Group, Inc.,* Case No. 2019-CV-000982, State of Wisconsin, Circuit Court Branch 3, Dane County;

- *SEB Investment Management AB, individually and on behalf of all others similarly situated, v. Symantec Corporation and Gregory S. Clark,* No. C 18-02902 WHA, United States District Court, Northern District of California;

- *United States Steel Corporation, et al.,* Case No. 2:17-cv-0579-CB, United States District Court, Western District of Pennsylvania;

- *Harry Ploss, as Trustee for the Harry Ploss Trust DTD 8/16/1993, on behalf of Plaintiff and all others similarly situated, v. Kraft Foods Group, Inc. and Mondelez Global LLC,* Case No. 15-cv-02937, United States District Court, Northern District of Illinois, Eastern Division;

- *Richard Medoff v. CVS Caremark Corp., et al.,* Civil No. 09-cv-544-JNL, United States District Court, District of New York;

- *Norfolk County Retirement System, individually and on behalf of all others similarly situated, v. Community Health Systems, Inc., Wayne T. Smith and W. Larry Cash,* Consolidated Civil Action No.: 11-cv-0433, United States District Court for the Middle District of Tennessee, Nashville Division;

- *Douglas S. Chabot, et al., Individually and on Behalf of All Others Similarly Situated, Plaintiffs v. Walgreens Boots Alliance, Inc., et al., Defendants,* Civil Action No. 1:18-cv-02118-JEJ-KM, United States District Court, Middle District of Pennsylvania;

- *In re Obalon Therapeutics Inc. Securities Litigation* Master File No. 3:18-cv-00352-AJB-AHG, United States District Court, Southern District of California

- *Plymouth County Contributory Retirement System, Individually and on Behaf of All Others Similarly Situated, Plaintiff, vs. Adamas Pharmaceuticals, Inc.; William Ericson; Martha J. Demski; Ivan Lieberburg; Gregory T. Went; Michael F. Bigham; David L. Mahoney; John Macphee; Rajiv Patni; Jennifer J. Rhodes; Alfred G. Merriweather; Christopher B. Prentiss; Richard King; Mardi C. Dier; Merrill Lynch, Pierce, Fenner, & Smith Incoparated; Leerink Partners LLC; and Evercore Group L.L.C.,* Case No.; RG19018715, Superior Court of the State of California for the County of Alameda;

- *Harry Ploss, as Trustee for the Harry Ploss Trust DTD 8/16/1993, on behalf of Plaintiff and all others similarly situated, Plaintiffs, v. Kraft Foods Group, Inc. and Mondelez Global LLC, Defendants.* Case No.; 15-cv-02937, In the United States District Court for the Northern District of Illinois Eastern Division;

- *In re Perrigo Company PLC Securities Litigation,* Case No.; 1:19-cv-00070-DLC, United States District Court Southern District of New York;

- *In re Qudian Inc. Securities Litigation,* Master File No.: 1:17-cv-09741-JMF, United States District Court Southern District of New York;

**Consumer Cases**

- *Charles Roberts, an individual, and Kenneth McKay, an individual, on Behalf of Themselves and Others Similarly Situated v. C.R. England, Inc., a Utah Corporation; and Opportunity Leasing,*

*Inc., a Utah Corporation,* Civil Case No. 2:12-cv-00302, United States District Court, District of Utah, Central Division;

- *State of Washington v. Motel 6 Operating L.P. and G6 Hospitality LLC,* No. 18-2-00283-4 SEA, Superior Court of the State of Washington King County;

- *Wave Lengths Hair Salons of Florida, Inc., on Behalf of Itself and All Others Similarly Situated, d/b/a Salon Adrian v. CBL & Associates Properties, Inc., CBL & Associates Management, Inc., CBL & Associates Limited Partnership, and JC Gulf Coast Town Center, LLC,* No. 2:16-cv-206-FtM-PAM-MRM, United States District Court, Middle District of Florida, Fort Myers Division;

- *In re: Vizio, Inc., Consumer Privacy Litigation,* No. 8:16-ml-02693-JLS (KESx), United States District Court, Central District of California, Santa Ana Division;

- *In re Google LLC Streetview Electronic Communications Litigation,* Case No. 5:10-md-02184, United States District Court, Northern District of California, San Francisco Division;

- *MSPA Claims 1, LLC v. Ocean Harbor Cas. Ins. Co.,* No. 2015-1946 CA-01, Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida;

- *Valle v. Popular Community Bank,* No. 653936/2012, Supreme Court, State of New York, County of New York;

- *Bizarro, et al., v. Ocean County,* No. OCN-1644-17, Superior Court of New Jersey, Law Division, Ocean County;

- *Christina Martin et al. v. the State of Washington, et al.,* No 14-2-00016-7, Superior Court, State of Washington, County of Spokane;

- *Picant v. Premier Cruise Lines,* 96-06932-CA-FN, 18th Judicial Circuit, State of Florida;

- *McParland and Picking v. Keystone Health Plan Central, Inc.,* Civil Action No. 98-SU- 00770-01, Court of Common Pleas, York County, Pennsylvania;

13

- *Smith v. American Family Mutual Automobile Insurance Co.,* No. 00-CV-211554, Circuit Court of Jackson County, Missouri;

- *Phil Shin, on Behalf of Himself and All Others Similarly Situated v. Plantronics, Inc.,* No. 5:18-cv-05626-NC, United States District Court, Northern District of California;

- *Lincoln Adventures, LLC, a Delaware Limited Liability Company and Michigan Multi-King, Inc., a Michigan Corporation, on Behalf of Themselves and All Those Similarly Situated v. Those Certain Underwriters at Lloyd's, London Members of Syndicates, et al.,* No. 2:08-cv-00235-CCC-JAD, United States District Court, Court of New Jersey;

- *Scott Meeker and Erin Meeker, Kelly Goodwin, Bruce Ely and Kristi Hauke, Elizabeth Borte and Rino Pasini, Christian Miner, and Judy Sanseri and Howard Banich; Individually and on Behalf of All Others Similarly Situated v. Bullseye Glass Co., an Oregon Corporation,* Civil Action No. 16CV07002, In the Circuit Court of the State of Oregon, County of Multnomah;

- *Duncan v. The Unity Life and Accident Insurance Association, et al.,* Civil Action No. 00-CIV-7621, United States District Court, Southern District of New York;

- *Duncan v. Columbian Protective Association of Binghamton, New York, and Columbian Mutual Life Insurance Company,* No. 00 CIV. 7236 (JGK), United States District Court, Southern District of New York;

- *Watkins, as Executrix of the Estate of Hines, and as Beneficiary of the Adult Whole Life Industrial Policy of Hines, v. Columbian Mutual Life Insurance Company, a Subsidiary of Columbian Financial Group, and Golden Eagle Mutual Life Insurance Corporation,* No. 03 CIV. 8620 (JGK), United States District Court, Southern District of New York;

- *In re: Benzion v. Vivint, Inc.,* No. 12-CV-61826-WJZ, United States District Court, Southern District of Florida;

14

- *In re: ADT Security Services, Inc*., No. 1:11-CV-1925, United States District Court, Northeastern District of Illinois;

- *The State of Illinois v. Au Optronics Corporation, et al.,* No. 10 CH 34472, Circuit Court of Cook County, Illinois;

- *State of Washington v. AU Optronics Corporation, et al.,* No. 10-2-29164-4 SEA, King County Superior Court, Washington;

- *LLE One, LLC, et al. v. Facebook, Inc.,* Case No. 4:16-cv-06232-JSW, United States District Court, Northern District of California;

- *Mey v. Interstate National Dealer Services, Inc., et al.,* No. 1:14-CV-01846-ELR, United States District Court, Northern District of Georgia;

- *Estakhrian, et al., v. Obenstine, et al*., No. CV11-3480-FMO (CWx), Nevada District Court;

- *Krakauer v. DISH Network, L.L.C.*, Civil Action No. 14-CV-333, United States District Court, Middle District of North Carolina;

- *Lofton v. Verizon Wireless (VAW) LLC,* No. 13-CV-05665-YGR, United States District Court, Northern District of California;

- *Lyons, et al., v. Litton Loan Servicing, LP, et al.*, No. 13-CV-00513, United States District Court, Southern District of New York;

- *Katz, et al. v. Live Nation, Inc., et al.*, Civil Action No. 1:09-CV-003740-MLC-DEA, United States District Court, District of New Jersey;

- *Bergman, et al. v. DAP Products Inc., et al.,* No. 14-CV-03205-RDB, United States District Court, District of Maryland;

- *In re Google LLC Street View Electronic Communications Litigation,* Case No. 3:10-md-02184-CRB, United States District Court, Northern District of California, San Francisco Division;

15

- *State of Washington v. Motel 6 Operating L.P. and G6 Hospitality LLC,* No. 18-2-00283-4 SEA, Superior Court of the State of Washington King County;

- *Valle v. Popular Community Bank,* No. 653936/2012, Supreme Court, State of New York, County of New York;

- *Royce Solomon, et al., individually and on behalf of all others similarly situated, v. American Web Loan, Inc., et al.,* Class Action, Civil Action No. 4:17-cv-0145-HCM-RJK, United States District Court, Eastern District of Virginia, Newport News Division;

- *Arandell Corporation, et al., v. Xcel Energy, Inc., et al.,* Case No.: 3:07-cv-00076-wme; *Newpage Wisconsin System Inc., v. CMS Energy Resource Management Company, et al.,* Case No.:3:09-cv-00240-wme, United States District Court for the Western District of Wisconsin.

<u>Mile Marker Zero, LLC, Greenville, SC</u>

Principal
Directed the development of marketing and advertising plans for national and local clients, including the following:

- **Complete Claim Solutions, Inc.**

Mile Marker Zero worked with Complete Claim Solutions, Inc., for six years as its sole media planning and buying partner. Mile Marker Zero developed and implemented national and international print and earned media notice programs to support the notification of consumers and third-party payors in cases such as the following:

| Coumadin-Warfarin | Taxol | Van Kampen |
|---|---|---|
| Hytrin | Waste Management | Unity Life Insurance Co. |
| Cardizem | Campbell Soup | Premier Cruise Lines |
| Buspar | Alias Research | MedCo |
| Nuko | Augmentin | Berkshire Realty |
| Columbian Mutual Life | Keystone Health Plan | Platinol |

16

| Freeport-McMoRan | Seitel, Inc. Securities | Transaction System Architects |
| Sulpher, Inc. | Relefen | Remeron |
| Service Corporation International | 3M-Scotch | Baycol |
| Smartforce, PLC | American Family Mutual Automobile Insurance Co. | Eaton Vance Corp. |
| Cipro | PriceSmart | Premarin |
| Morgan Stanley | | |

Other clients include:
- **The National Arthritis Foundation**
- **Papa Murphy's Pizza**
- **FIERO** (Fire Industry Equipment Research Organization) – national fire services association.
- **TeamPoint Systems, Inc. –** a global software company

### Denny's Corporation, Spartanburg, SC

Senior National Advertising Manager

### The Coca-Cola Company, Atlanta, GA

Advertising Services Manager

### McCann Erickson, Atlanta, GA

Media Supervisor

### EDUCATION

Bachelor of Business Administration, University of North Dakota

17

# EXHIBIT C

